## MEANS and Others *v.* SWORMSTEDT.

CORPORATION.—*Promissory Note.—Signature.*—The secretary of the "Neal Manufacturing Co., Madison, Ind.," gave a promissory note, in which were the words "we promise," &c., signed in his own name, with "Sec'y" affixed thereto, and bearing the seal of said corporation.

*Held*, that he was not personally liable on the note.

APPEAL from the Jefferson Circuit Court.

Complaint by the appellants against the appellee, in the usual form, on a promissory note, of which the following is a copy:—

"$483.00          Madison, Ind., March 18th, 1868.

Ninety days after date, we promise to pay to the order of Means, Kyle & Co., four hundred and eighty-three dollars, without any relief from valuation or appraisement laws. Value received. Payable at the Nat'l Branch Bank, Madison, Ind.

(Signed)          WM. B. SWORMSTEDT, Sec'y."

On the lower left hand corner was an impression of a seal, embossed upon the paper of the note, bearing the words, "Neal Manufacturing Co., Madison, Ind."

The note bore a United States revenue stamp of the de-

nomination of twenty-five cents, canceled in writing, thus: "W. B. S., Mar. 18, '68."

The defendant demurred to the complaint for want of sufficiency of the facts stated; the demurrer was sustained, and the plaintiffs excepted.

This ruling is assigned as error.

RAY, J.—In *Hovey* v. *Magill,* 2 Conn. 680, where the defendant, being the agent of a corporation, gave a note, "I promise," &c., and signed it,"A. B., agent of —— Company," SWIFT, C. J., said, "when an agent, duly authorized, subscribes an engagement, in such manner as to manifest an intent not to bind himself, but to bind the principal; and when, by his subscription, he has actually bound the principal; then it is clear, that the contract cannot be binding on him personally. It will be agreed that no precise form of words is required to be used in the signature; that every word must have an effect, if possible; and that the intention must be collected from the whole instrument taken together. Who can entertain a doubt, upon reading the note in question, that it was the intent of the defendant to bind the company, and not himself?"

And is not the intent equally clear in this case? We know that to hold the letters "Sec'y" as intended to be "a description of the person" would be simply a legal fiction, false in fact. It would simply amount to rejecting the words as surplusage. But this cannot be done, if effect can be be given to them upon the face of the paper itself. Most certainly it should never be done against the plain intent of the party who adds the letters to his name for an evident purpose, where that purpose can be collected from the entire instrument, and does not render the paper itself a nullity.

The seal of the company is in the hands of the secretary; it is his duty to affix it to papers executed by the corporation. The presumption is, then, that he did, after signing his name and adding his office, affix the seal of the corpor-

Means and Others *v.* Swormstedt.

ation, which, containing upon its face the proper designation of the corporation, was a signing of their name.

In the case already cited, the opinion proceeds, "I can see no good reason for the addition of 'agent,' but to render the note obligatory on the company and exclude all idea of individual liability. This is the plain language of the transaction; and we ought to give it the obvious meaning, and not entrap men by the mere form of words. This mode of signing the note will fairly admit of this construction: I, as agent of the company, pledge their credit, or give their promise to pay the note; or, the company, by me as their agent, promise to pay it. But if we consider the word agent as merely *descriptio personæ*, we give it no operation, and really expunge it from the writing. We are bound, however, to give effect to every word, if possible; and the only way to give this word any effect is, to make the note binding on the company."

It can be a matter of no import how a name is affixed to a paper, whether written with ink or pencil, printed, or stamped. The intent in placing it there must control, and where that intent is evident, effect should be given to it. The fact that when such a presumed intent will destroy the character of the paper a court will not indulge the presumption, results only because there exists a stronger presumption in law, that every one intends his act shall have effect. *M'Clure* v. *Bennett*, 1 Blackf. 189, followed by *Mears* v. *Graham*, 8 Blackf. 144, and *Potts* v. *Henderson*, 2 Ind. 327.

The rule as stated in *Hovey* v. *Magill, supra*, is recognized in 1 Par. Con. 97, who states that, in such a case, "it is quite well settled, that the company, not the agent, will be liable on the note." So, also, it is stated in Angell & Ames Corp. § 294.

Judge STORY thus states the rule: "A liberal construction is ordinarily adopted in the exposition of commercial instruments, for the purpose of encouraging trade, and to meet, as far as possible, the ordinary exigencies of business,

which require promptitude of execution, and rarely admit of deliberate examination of the true force of words. In furtherance of this policy, if it can, upon the whole instrument, be collected, that the true object and intent of it are to bind the principal, and not to bind the agent, courts of justice will adopt that construction of it, however informally it may be expressed." Story Prom. Notes, § 69. The well considered cases sustain this position.

The note was plainly intended to read as executed by "Wm. B. Swomstedt, Sec'y Neal Manufacturing Co., Madison, Ind.;" and if effect be given to the addition to the name, the corporation must be bound.

The ruling sustaining a demurrer was correct, and the judgment is affirmed, with costs.

*C. E. Walker* and *W. S. Roberts*, for appellants.

*H. W. Harrington* and *C. A. Korbly*, for appellee.