### HAYES ET AL. *v.* MATTHEWS.

PROMISSORY NOTE.—*Principal and Agent.*—*Signature.*—*Church Trustees.*—A promissory note in the usual form, "we promise to pay," etc., executed in the individual names of the makers, with the addition of the words "trustees of the" etc., "church," is the obligation of the makers individually and not of the church.

SAME.—*Alteration.*—*Erasure.*—The erasure of such addition is immaterial, and is no defence to an action against the makers individually.

SAME.—*How Agent may Bind Principal.*—To avoid individual liability on the part of the agent on a promissory note executed by an authorized agent on behalf of his principal, the name of the latter must be both inserted in, and signed to, the note.

SAME.—*Defence.*—*Parol Evidence.*—No defence to an unambiguous promissory note, involving the introduction of parol evidence, varying the terms and legal effect of the note, is sufficient.

From the Kosciusko Circuit Court.

*C. Clemans* and *J. H. Taylor*, for appellants.

*C. W. Chapman* and *H. S. Biggs*, for appellee.

NIBLACK, J.—John W. Matthews sued William Hayes, Samuel Galbreath and Joseph H. Taylor, administrator of the estate of George W. Ryerson, deceased, on the following promissory note:

" $200.                    PIERCETON, IND., Jan'y 11th, 1871.

"Twelve months after date, we promise to pay to the

order of J. W. Matthews the sum of two hundred dollars,. payable at ———, value received, without any relief from valuation or appraisement laws, with interest at ten per cent.                                    . DR. WM. HAYES,

"GEO. W. RYERSON,

"S. GALBREATH."

The defendants answered in two paragraphs :

1. That, at the time of the alleged execution of the note sued on, the persons whose names were attached to it. as the makers thereof, were the trustees of the First Universalist Church, of Pierceton, Indiana, a corporation duly organized under the laws of the State ; that said note was executed by the makers as trustees, as above stated, and not in their individual capacities, and was accepted by the plaintiff as the note of said corporation, and not otherwise ; that, when the said makers signed their names to said note, there were attached to, and placed opposite, their names, the words "Trustees of the First Universalist Church, of Pierceton, Indiana; " that said words, so attached to and placed opposite the names of said makers, had been erased from off the face of said note, without the knowledge or consent of said makers, and for the purpose of making them personally liable to pay said note. Wherefore the defendants denied the execution of the note sued upon; and said paragraph was verified by the affidavit of the defendants.

2. That the First Universalist Church, of Pierceton, Indiana, was a corporation duly organized under the laws of the State, and authorized to transact business as such, and that the makers of the note in suit were, at the time said note was executed, the trustees of such corporation ; that said note was executed for money loaned to such corporation, and as a church note ; that said note was executed by the makers thereof as trustees, and in the manner and form directed by the church at a regular and public

meeting, and was taken and accepted by the plaintiff as a church note ; that the plaintiff loaned his money to the church corporation, and not to the makers of said note individually ; that said makers did not use said money for their own benefit, but instead thereof used the same to build a church edifice.

The plaintiff demurred separately to each paragraph of the answer, and the court sustained his demurrer to both paragraphs.

The defendants declining to answer further, the court assessed the plaintiff's damages at the amount due upon the note, and rendered judgment for the amount of the damages so assessed against the defendants.

The appellants contend that both paragraphs of the answer were sufficient as defences to the appellee's action, and that consequently the court erred in sustaining the demurrer to those paragraphs.

If the note in judgment in this action had the words, " Trustees of the First Universalist Church, of Pierceton, Indiana," attached to it, and following the names of the makers, it would not even then, on its face, purport to be the promise of the corporation known as the First Universalist Church, of Pierceton, Indiana, to pay the sum of money specified in it. It would still only be the personal promise of the makers to pay the sum named, the additional words constituting merely a description of the persons of the makers, without in any manner affecting the legal character of the note itself. We are sustained in that view of this case by the case of *Mears* v. *Graham*, 8 Blackf. 144, and several subsequent cases.

It has been held, that, in order to bind the principal, and make it his contract, the instrument must purport on its face to be the contract of the principal, and his name must be inserted in it and signed to it, and not merely the name of the agent, even though the latter be de-

scribed as agent in the instrument. *Prather* v. *Ross*, 17 Ind. 495.

Tested by this rule, the alleged erasure upon the face, or alteration, of the note, set up in the first paragraph of the answer, was an immaterial erasure or alteration, and hence not well pleaded. See, also, *The Inhabitants of Congressional Township No.* 11, *etc.,* v. *Weir*, 9 Ind. 224; *Hobbs* v. *Cowden*, 20 Ind. 310 ; *Means* v. *Swormstedt*, 32 Ind. 87; *Hays* v. *Crutcher*, 54 Ind. 260.

As the note under consideration purported on its face to be in legal contemplation the individual note of the makers, it follows that any defence which involved the introduction of parol evidence tending to give it a different construction, or to change its legal effect, was bad upon demurrer.

Cases have arisen upon defective or ambiguous instruments, in which parol evidence has been admitted to give effect to the intention of the parties to such instruments, but the precedents furnished by such cases are not applicable to the case before us.

We think the second paragraph of the answer was also insufficient.

We see no error in the record.

The judgment is affirmed, at the costs of the appellants.