## HAYES ET AL. *v.* BRUBAKER.

65   27
o155 586

PROMISSORY NOTE.—*Principal and Agent.*—*Church Trustees.*—A promissory note in the form "we promise to pay," etc., executed by the makers in their individual names, with the addition of the words "Trustees of the" etc., "Church," is the note of the makers individually, and can not be varied by a defence involving parol evidence, shifting the liability to the makers as church trustees.

From the Kosciusko Circuit Court.

*C. Clemans* and *J. H. Taylor*, for appellants.

*J. H. Carpenter* and *J. W. Cook*, for appellee.

NIBLACK, J.—This was a suit by Susannah Brubaker, against William Hayes, Samuel Galbreath and Joseph H. Taylor, administrator of the estate of George W. Ryerson, deceased, upon a promissory note, as follows:

"$429.98.            PIERCETON, December 24th, 1870.

"Twelve months after date we promise to pay to the order of Susannah Brubaker four hundred and twenty-nine and $\frac{98}{100}$ dollars, payable at ——, value received, without relief from valuation laws, with interest at 10 per cent. per annum.                    DR. WM. HAYES,

"G. W. RYERSON,

"S. GALBREATH,

"Trustees of the First Universalist Church of Pierceton."

The complaint was in three paragraphs, but the first was withdrawn before any proceedings were taken upon it.

Demurrers were overruled to the second and third paragraphs, the third being merely a complaint upon a promissory note in the usual form; but, as no question is made in this court upon the sufficiency of those paragraphs, we need not more particularly refer to them.

The defendants answered, averring that the First Universalist Church of Pierceton was a duly and legally incorporated body, with full power to contract and be con-

tracted with, and to sue and be sued, under the name and
style of "The Trustees of the First Universalist Church
of Pierceton, Indiana," and that such corporation was the
owner of five thousand dollars' worth of property, out of
which the money might be made to pay the note sued on;
that such note was made in conformity to the rules of said
church, and as a church note for money loaned to the
church to build a church edifice; that neither the defend-
ants Hayes or Galbreath nor the said Ryerson received
or used any of the money so loaned on said note for his or
their individual benefit, of all which facts the plaintiff
had knowledge when the money was loaned; that the
plaintiff loaned the money to the church, and took the
note as a church note, and not as the individual note of
the persons whose names are attached to it, and that the
note was accepted and treated by all the parties to it when
it was given as a church note, and not otherwise.

The plaintiff demurred to this answer, and the court sus-
tained her demurrer.

The defendants refusing to answer further, the court as-
sessed the plaintiff's damages at the amount due upon the
note, principal and interest, and rendered judgment against
the defendants for the amount thus found due, or-
dering, at the same time, that the judgment should stand
as an allowance against the estate of the said George W.
Ryerson.

The appellants claim that their answer to the complaint
below, the substance of which is set out as above, made out
a proper case for the admission of parol evidence to ex-
plain the purpose for which the note sued on was given,
and that, in executing such note, the said Hayes, Galbreath
and Ryerson acted as the representatives of the church or-
ganization merely, and not in their individual capacities;
that it was the understanding, at the time, that the note
was to be binding on such church organization only, and

not on the said Hayes, Galbreath and Ryerson personally; that there was an ambiguity upon the face of the note, which, of itself, rendered the admission of such parol evidence not only proper but necessary, and that hence the court erred in sustaining the demurrer to their answer.

The precise questions thus raised by the appellants have already been ruled upon by this court, and decided adversely to the positions assumed by the appellants.

In the cases of *Hays* v. *Crutcher*, 54 Ind. 260, and *Hayes* v. *Matthews*, 63 Ind. 412, notes precisely similar to the note in judgment in this case were held to be personally binding upon the persons signing them, and not susceptible of having any other effect given to them by parol evidence. Those cases were well considered, and the conclusions reached through them are still adhered to by us.

Upon the authority of those cases, the judgment in this case will have to be affirmed.

The judgment is affirmed, at the costs of the appellants.