Williams *et al. v.* The Second National Bank of Lafayette.

No. 8600.

WILLIAMS ET AL. *v.* THE SECOND NATIONAL BANK OF LAFAYETTE.

83 237
o155 586

PROMISSORY NOTE. — *Signature.— Descriptio Personæ.— Evidence.— Private Corporation.— Trustees.*—A promissory note, in the usual form, " we promise to pay," etc., given for an indebtedness of a corporation, and signed by the trustees thereof, thus: " G. W., I. B., G. W. F., Trustees Perry Lodge 37, F. & A. M.," is the note of the persons whose names are appended, and parol evidence is not admissible to show that the parties intended and supposed it to be the note of the lodge, and agreed that such should be its effect.

From the Tippecanoe Circuit Court.

*J. R. Coffroth* and *T. A. Stuart,* for appellants.

*R. Jones,* for appellee.

MORRIS, C.—The appellee sued the appellants upon the following promissory note:

" $671.50. LAFAYETTE, IND., July 3d, 1876.

" Six months after date, we promise to pay to the order of the Second National Bank of Lafayette, at the Second National Bank of Lafayette, six hundred and seventy-one and $\frac{50}{100}$ dollars, and attorney's fees, with interest at the rate of ten per cent. per annum after maturity; value received, without relief from valuation or appraisement laws. The drawers and endorsers severally waive presentment for payment, protest and notice of protest and non-payment of this note.

" GEO. WILLIAMS,
" ISAAC BARR,
" GEO. W. FOUSMAN.
" Trustees Perry Lodge 37, F. & A. M."

The appellants answered the complaint in two paragraphs. The appellee demurred to each paragraph of the answer, on the ground that neither contained facts sufficient to constitute a defence to the action. The demurrers were sustained; the appellants excepted, and, refusing to answer further, final judgment was rendered for the appellee.

The rulings of the court upon the demurrers are assigned as error.

The appellants discuss the action of the court upon the demurrer to the second paragraph of the answer only. It will not be necessary, therefore, to consider the demurrer to the first.

The substance of the second paragraph of the answer, which is quite lengthy, is thus stated by counsel for the appellants :

"The second paragraph of the answer sets out the facts. It admits the signing of the note, but states that in November, 1872, Perry Lodge No. 37 of Free and Accepted Masons, a corporation organized under the laws of the State of Indiana, was indebted in the sum of $500 to one Henry S. Mays; that on said day said lodge executed its note for said amount to said Mays, payable six months after date, and that, at that time, John M. Larue, C. Tinkler, and H. S. Mays were the trustees of said lodge (said note is set out); that afterwards, on the 1st of July, 1875, there was due on account of principal and interest on said note, $607.20, and the said lodge, for the purpose of renewing and discharging said note, executed to Charles T. Mays its note for said amount so due on said first note (this note is also set out); that C. Tinkler, George Williams and E. A. Greenlee were trustees of said lodge; that afterwards, on the 31st day of December, 1875, there was due on said last named note, $607.20, and, for the purpose of renewing and discharging said note, said lodge executed to the plaintiff its note for said sum (this note is set out); and that these defendants were the trustees of said lodge at the time of the execution of said note; that on the 3d day of July, 1876, there was due upon said last named note, $671.50, and that the defendants were the trustees of said lodge, which fact being well known to the plaintiff, it requested the defendants, as such trustees, for and on behalf of said lodge, and as its act, to renew said note by executing to the plaintiff the note of said lodge for the amount so due as aforesaid, and said defendants, as such trustees, agreed so to do; that

thereupon said plaintiff wrote the note sued on with these words at the bottom, to wit : ' Trustees of Perry Lodge, No. 37, F. & A. M.,' and presented the same to these defendants and requested them to sign, each, his name to the same, for and as the act of said lodge, and for no other purpose and solely as evidence of the execution of said paper by and as the note of said lodge, and then represented to these defendants that that was the proper form and method of executing a note by or for the lodge, and then and there agreed with these defendants that they should incur no personal or pecuniary liability by signing their names to said instrument of writing so prepared by said plaintiff as aforesaid ; that the defendants believing said representations of said plaintiff, and in consideration of said agreement that they should incur no personal or pecuniary liability if they signed said instrument of writing, they did, on the day last aforesaid, for the purpose of executing the note of said lodge in renewal of said last described note, and for no other purpose or consideration, each of them, sign his name to said instrument of writing, and did deliver the same as the note of said lodge, they, these defendants, then and there having full power and authority to execute the same for and on behalf of said lodge ; and the defendants aver that the said instrument of writing so signed by them is the note sued on in this action.    The answer then states that it was intended, understood and agreed by and with the plaintiff, that the defendants were signing said note in their official capacity as trustees of said lodge for the sole purpose of executing *its* note, and that the plaintiff received the note as the note of said lodge, and not as the note of the defendants ; that, at the time of executing the note, it was mutually understood, supposed and believed by the plaintiff and defendants, that the manner and form in which the note was executed was the proper manner and form for the execution of the note of said lodge, and that the same was accordingly executed by defendants for and on behalf of

:said lodge as its note, and was so received by the plaintiff. Wherefore," etc.

The note, upon its face, purports to be the note of the appellants, and not the note of said lodge. The words, "Trustees Perry Lodge No. 37, F. & A. M.," being descriptive of the persons of the appellants merely. Whether the manner and form of executing the note adopted by the appellants were the proper manner and form of executing the note of the lodge, was a question of law, which the parties will be conclusively presumed to have known. Knowing the law, they must be held to have known that the note, in the form in which it was executed, purported to be the note of the appellants, and not the note of the lodge. What the parties in fact understood, supposed or believed as to the legal effect and meaning of the form in which they contracted, is immaterial. The intention which the law imputes to their contract must, in the absence of fraud or mistake of fact, be held to be the intention of the parties. They can not avoid the contract by averring an intention or purpose opposed to that which the law attaches to their agreement.

The note is in form, and the answer is in substance, the same as they were in the case of *Hayes* v. *Matthews*, 63 Ind. 412. In the case referred to, the answer was that the First Universalist Church of Pierceton, Indiana, was a corporation duly organized under the laws of the State of Indiana, whose trustees were authorized to transact its business; that the makers of the note sued on were its trustees; that the note was executed for money loaned to the corporation, and as a church note; that the note was executed by the makers as trustees, and in the manner and form directed by the church at a regular and public meeting, and was taken and accepted by the plaintiff as a church note; that the money was loaned to and used by the church, and not by the makers.

The court held the answer bad on demurrer. The court held that the note upon its face was, in legal contemplation, the note of those who signed it, and that any defence which

involved the introduction of parol evidence tending to give it a different construction, or to change its legal effect, was inadmissible. The case of *Hayes* v. *Brubaker*, 65 Ind. 27, is to the same effect. So, too, is the case of *Hays* v. *Crutcher*, 54 Ind. 260. In the latter case, the authorities are reviewed at much length, upon a petition for a rehearing, and the conclusion reached that the decision is supported by a decided preponderance of authority.

The appellants refer us to the following cases: *Means* v. *Swormstedt*, 32 Ind. 87 (2 Am. R. 330); *Pearse* v. *Welborn*, 42 Ind. 331; *Hovey* v. *Magill*, 2 Conn. 680; *Hoopes* v. *Beale*, 90 Pa. St. 82.

In the first case referred to, the seal of the corporation, in the hands of the secretary, who signed his name to the note, adding the letters "Sec'y," was affixed to the note. It was the duty of the secretary to affix the seal of the corporation to papers executed by it. It was held that on its face the note purported to be that of the corporation.

In the case in 42 Ind., as the court say, "in the body of the note the promise is made by them as master, wardens, and trustees of said lodge." These cases can hardly be said to be in conflict with the later cases upon the subject.

In the case of *Hovey* v. *Magill, supra,* approved in the two preceding cases, the note read as follows: "Sixty days from date, I promise to pay William Hovey the sum of three hundred dollars, in New York money, for value received. Middletown, August 18th, 1815. ARTHUR W. MAGILL,

"Agent for the Middletown Manufacturing Company."

It has been held, in many cases, that a note thus executed is the note of the principal and not the note of the agent. The execution is the same, in legal effect, as if the name of the principal had been first written, and followed by that of. the agent. *Ballou* v. *Talbot*, 16 Mass. 461 (8 Am. Dec. 146); *Roberts* v. *Button*, 14 Vt. 195; Story Agency (8th ed.), p. 196.

In the case of *Hoopes* v. *Beale, supra,* the Supreme Court

VOL. 83.—16

of Pennsylvania hold that parol evidence was admissible to prove that a bond had been executed, with the understanding that the persons executing it were not to be personally liable upon it. The case is, in some respects, much like the case before us. The money for which the bond was given was loaned to Williamson Lodge No. 309, and secured by a mortgage on the property of the lodge. The obligors hesitated to sign the bond and mortgage, and said they would not do so if there was to be any liability on any person; that the security was to be on the real estate alone; that Hoopes said he did not ask any personal security; that all he asked was the real estate. The court say:

"That parol evidence may be admitted to contradict, vary, or even avoid a written instrument, where it is proved that but for the oral stipulation it would not have been executed, is a doctrine now so well settled that its discussion would be a waste of time. This rule does not apply to negotiable paper when in the hands of an innocent holder."

So far as the principles of the above case may be in conflict with the case of *Hays* v. *Crutcher, supra,* and those which follow it, we are not disposed to adopt it as the law. We think it more consistent with principle, and better calculated to secure the rights of contracting parties, to exclude parol evidence when offered to vary or control the legal operation and effect of written instruments, when each party knows what he is doing, and neither is mistaken as to the facts.

There was no error in sustaining the demurrer to the answer.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellants.