No. 11,171.

## McClellan et al. *v.* Robe.

Promissory Note.—*Signature of Makers.*—*Private Corporation.*—*Descriptio Personæ.*—Where a promissory note, in the usual form "we promise to pay," etc., given for money loaned to a private corporation, is executed by certain persons in their individual names, with the addition thereto of "*Trustees of Greenwood Lodge No. 192, F. and A. M.*," such addition is mere *descriptio personarum*, and the note is the individual note of such persons and not the note of such lodge.

Same.—*Defence.*—*Novation.*—In an action upon such note a paragraph of answer, which states such facts as the former validity of the note, the agreement of all the parties to a new contract in lieu of such note, the extinguishment of the prior contract evidenced by the note, and the validity of such new contract, shows a novation of the note in suit, and is a good defence to the action.

From the Johnson Circuit Court.

*T. W. Woollen* and *D. D. Banta,* for appellants.

*G. M. Overstreet* and *A. B. Hunter,* for appellee.

Howk, C. J.—In this case the appellee sued the appellants upon a promissory note, of which the following is a copy:

"Greenwood, Ind., April 6th, 1879.

"One day after date we promise to pay to John Robe or order five hundred and fifteen dollars, with interest at ten per cent. per annum from date, and with attorneys' fees, value received, without any relief whatever from valuation or appraisement laws.    (Signed)   "George W. McClellan,

"Gardiner Wilkes,

"William Dorrell,

"C. R. McColloum,

"George Sourwine,

"Trustees of the Greenwood Lodge No. 192, F. and A. M."

It was alleged in appellee's complaint that the note, interest and attorneys' fees were due and wholly unpaid, and judgment was demanded for the sum of $750.

The appellants jointly answered in six special or affirmative paragraphs, to each of which the appellee's demurrers were sustained by the court. They excepted to these rulings,

and, declining to amend or answer further, judgment was rendered against them in appellee's favor for the amount due on the note and costs of suit.

In this court the appellants have assigned as errors the following decisions of the circuit court:

1. In overruling their demurrer to appellee's complaint; and,

2. In sustaining appellee's demurrers to each of the six paragraphs of their answer.

Appellants jointly demurred to appellee's complaint upon the ground that it did not state facts sufficient to constitute a cause of action against them. The point is made in argument on behalf of the appellants that the note in suit upon its face is not their note as individuals, but is the note of Greenwood Lodge No. 192, F. and A. M., and is signed by them solely in their official character as trustees of such lodge.

Appellants' counsel concede that this point has been decided against them in a number of the decisions of this court. *Hays* v. *Crutcher,* 54 Ind. 260; *Hayes* v. *Matthews,* 63 Ind. 412; *Hayes* v. *Brubaker,* 65 Ind. 27; *Williams* v. *Second Nat'l Bank, etc.,* 83 Ind. 237. Counsel ask that we re-examine the question and overrule the cases cited, and all other decisions of this court, of like tenor and effect, upon the point under consideration. This we must decline to do; especially so, as it seems to us, that the cases cited and referred to were correctly decided. The court did not err in overruling the demurrer to appellee's complaint.

In the first paragraph of their answer the appellants admitted the execution of the note in suit, but said that they ought not to be held to pay the same, because they say that such note was given for money loaned Greenwood Lodge No. 192, Free and Accepted Masons, of which the appellee at the time had notice; that afterwards, on the — day ———, 18—, and after the note was due, the appellants tendered the money due thereon to appellee and demanded the surrender and cancellation of the note, which appellee refused to accept, but agreed to and did release the appellants from any

liability on account of the note, and agreed that he would look to the lodge for the amount thereof.

The second paragraph of answer differs from the first paragraph only in alleging that after the note became due the lodge placed the money in the hands of appellant Dorrell to pay it off; that Dorrell took the money and tendered it to appellee in full discharge of the note; that appellee refused to take the money, and agreed then and there that he would not hold the appellants responsible to pay the note; but that Greenwood Lodge should keep the money, and he would look entirely to the lodge for the payment thereof.

The third and fourth paragraphs of answer are substantially the same as the second paragraph, *except* that the fourth paragraph alleged, in addition to the same averments as in the preceding paragraphs, that in pursuance of appellee's agreement to release the appellants and look to the lodge alone for payment, the money was given back to the lodge; and that afterwards, and before the commencement of this suit, the lodge became insolvent and assigned its property for the benefit of its creditors.

In the fifth paragraph of their answer, the appellants admitted their execution of the note in suit, but said they ought not to be held to pay the same, because of the following facts: On the day of the date of the note, the appellee agreed to and did loan the money, for which the note was executed, to Greenwood Lodge No. 192, Free and Accepted Masons, a corporation under the laws of this State and authorized to borrow money for its purposes, and the appellants were the trustees of such corporation and made the contract with appellee, on behalf of the lodge, for the loan of such money; that the appellee agreed to take, for the money so loaned, the note of the corporation, with the endorsement of the appellant William Dorrell as surety for the lodge; that, in pursuance of such agreement, the note in suit was executed by the appellants, they and the appellee all believing that the note was the note of the lodge and not of the appellants individ-

ually; that thereupon the said Dorrell placed his name on the back of the note as surety for said makers; that afterwards, on the —— day of ————, 18—, and after the note became due, and while the appellee and appellants still believed that the note was the note of the lodge, and not the individual note of the appellants, the lodge placed the money in the hands of appellant Dorrell, who was still a trustee of the lodge, to pay off the note; that Dorrell thereupon tendered the money to appellee in full satisfaction of said debt; that the appellee refused to take the money, and in consideration that the lodge would keep the same, the appellee then and there agreed to discharge Dorrell from any and all liability on account of the debt or note, and look only to the lodge for the payment thereof, to which the lodge agreed and consented, and took back the money and applied it to other purposes.

The sixth paragraph of answer contains substantially all the allegations of the fifth paragraph, and in addition avers that the appellee never thereafter claimed or pretended to have any demand against the appellants on account of said debt, but held the note, making no demand for the payment of the same, except against the lodge, until on or about the —— day of ————, 1882, when the lodge became and remained insolvent, and had made an assignment for the benefit of its creditors.

We are of opinion that the court committed no error in sustaining the appellee's demurrers to either the first, second, third or fourth paragraphs of the appellants' answer. It is very clear that the tender of the money stated in each of such paragraphs was bad as a plea of tender, because, in neither of the paragraphs, was the tender continued and made good by an allegation that the money was therewith brought into court. Nor do we think that the facts stated in either of such paragraphs are sufficient to show a legal, valid and binding release of the appellants, or either of them, from liability on the note in suit, because, in neither of such paragraphs, was there any consideration stated or shown for the alleged re-

lease. The additional facts stated in the fourth paragraph of answer, that after the tender and supposed release of the appellants, and after the money was given back to the lodge, the lodge became insolvent and assigned its property for the benefit of its creditors, are also insufficient, as it seems to us, to make that paragraph a good defence to appellee's cause of action. These additional facts show, if they show anything, that the appellants were in fault in allowing the lodge to become insolvent before it had indemnified them against loss on the note in suit.

We are of opinion, however, that the court did err in sustaining appellee's demurrers to the fifth and sixth paragraphs of appellants' answer. If the facts averred in these paragraphs are true, and, as they are all well pleaded, the demurrers admit their truth, they show a complete novation of the debt evidenced by the note in suit. In *Clark* v. *Billings*, 59 Ind. 508, this court said: "In every novation there are four essential requisites: First, a previous valid obligation; second, the agreement of all the parties to the new contract; third, the extinguishment of the old contract; and, fourth, the validity of the new one."

All these essential requisites of a novation are shown to concur and exist in the case made by the facts stated in each of the fifth and sixth paragraphs of answer. It is true, that the extinguishment of the note in suit, in the sense of its destruction or cancellation, is not shown in either of such paragraphs of answer; but the facts stated therein do show the extinguishment of the debt of the appellants evidenced by the note, and this was sufficient. *Bristol, etc., Co.* v. *Probasco,* 64 Ind. 406; *Jeffries* v. *Lamb,* 73 Ind. 202; *Davis* v. *Hardy,* 76 Ind. 272; *Rusk* v. *Gray,* 83 Ind. 589.

The judgment is reversed with costs, and the cause is remanded with instructions to overrule the demurrers to the fifth and sixth paragraphs of answer, and for further proceedings in accordance with this opinion.

Filed Feb. 1, 1884.