No. 13,184

## THE SECOND BAPTIST CHURCH (COLORED) *v.* FURBER ET AL.

MORTGAGE.— *Promissory Note.— Trustee.— Agency.— Church. — Pleading.—* Where a note and mortgage are executed by several persons, without anything to show that they are acting as trustees or agents, or in any official or representative character, such note and mortgage are the obligations of the several makers; but where it is alleged in a complaint thereon that a church organization, which is made a defendant, being in debt and having an unfinished building, applied to the plaintiff through such persons, as its trustees and agents, for a loan, that the loan was made to and the money received by the church and applied to the payment of its debts and the completion of its building, and that the sum loaned is due and unpaid, a cause of action is stated against the church.

From the Marion Superior Court.

*C. E. Clark*, for appellant.

*E. F. Ritter*, *L. Ritter* and *B. W. Ritter*, for appellees.

Howk, J.—This was a suit by appellee Furber to foreclose a mortgage on certain real estate in the city of Indianapolis, alleged to have been executed for and on behalf of appellant by its trustees at the time, and to collect the debt secured thereby. The cause was put at issue and heard by the court, and a finding and decree were made and rendered by the court at special term, in favor of appellee Furber and against appellant, for the foreclosure of such mortgage, and the sale of the mortgaged real estate to pay the amount due on the mortgage debt, and costs accrued and to accrue, etc. On appeal, the general term affirmed the judgment and decree of the court at special term, and from such affirmance this appeal is now here prosecuted.

By proper assignment of error here, appellant, the Second Baptist Church (colored), which alone appeals, has brought before this court the errors it assigned in general term upon the overruling of its demurrers to each of the two paragraphs of appellee Furber's complaint.

In the first paragraph of his complaint, Furber alleged that, on and before the 2d day of May, 1874, the "Second Baptist Church (colored) of Indianapolis, Indiana," appellant, was largely indebted and in need of money to discharge such indebtedness, and to build and finish its church for use and occupation, and it applied to appellee Furber for a loan of $5,000 for such purposes; that appellant ordered and directed its co-defendants, Huston, Lewis, Steel, Wilson, Pinkton, Pierce, Doyle, and one Moses Broyles, since deceased, who were then and there its trustees and agents, to make such loan for appellant; that, in pursuance of such order and direction, appellant, by and through its trustees and agents, on such 2d day of May, 1874, borrowed of appellee Furber said sum of $5,000, which sum of money was then and there furnished by him to appellant, and was by it received and used for the purpose of paying its obligations and finishing its church building, as aforesaid; that appellant's trustees above named executed to appellee Furber a

promissory note for $5,000, due five years after date, a copy of which note was therewith filed and made part thereof, and also executed ten coupon or interest notes which had since been paid, but that the principal note of $5,000 was past due and wholly unpaid.

Appellee Furber further alleged that, to secure the payment of said notes, appellant, by a vote of its members duly had, authorized and directed its trustees and agents aforesaid to mortgage to appellee Furber its real estate and church building thereon, in the city of Indianapolis, Marion county, Indiana, described as follows, to wit:   (Description omitted); that, in pursuance of such authority and the order and direction of appellant, its said trustees, on the day and year aforesaid, executed to appellee Furber a mortgage upon its said property, a copy of which mortgage was therewith filed and made part thereof; that such mortgage was duly recorded in the proper record of Marion county, within forty-five days from the date of its execution; that in the execution of such mortgage, the trustees aforesaid were acting for and on behalf of appellant, and by its authority and direction; and that, after the execution of said notes and mortgage, appellant recognized and ratified the acts of said trustees in all things done therein, and adopted said mortgage and notes,. and paid the interest notes so secured by said mortgage as aforesaid; but, as appellee Furber was informed and believed and averred, appellant failed and neglected to enter of record the vote and direction to make said mortgage and notes; that said mortgage was in truth and in fact, and, by all the parties thereto, was intended to be, the mortgage of said Second Baptist Church, but that, by the mutual mistake and oversight of said parties and of the scrivener, appellant was not named in said mortgage; that prior to the execution of said notes and mortgage, the above named trustees were authorized and empowered by appellant to make said loan, and to execute said mortgage upon its church property aforesaid to secure the same; that appellant received the said money, so,

loaned by appellee Furber, and recognized and adopted the aforesaid acts of its trustees and agents, and ratified and adopted said notes and mortgage as its notes and mortgage, and paid the interest or coupon notes as aforesaid; and that the principal note of $5,000 remained due and wholly unpaid.

Appellant's trustees and the pastor of the church, at the time this suit was commenced, were also made defendants thereto. There were other allegations of fact in the first paragraph of complaint, but we have given the substance of the facts pleaded for the purpose of showing that the note and mortgage sued upon were the note and mortgage of appellant.

In the second paragraph of his complaint, appellee Furber alleged substantially the same facts as those stated in the first paragraph, except that the averment to the effect that, by the mutual mistake and oversight of the parties and of the scrivener, appellant was not named in the mortgage sued upon, found in the first paragraph, is wholly omitted from the second paragraph of complaint.

It appears from the copies of the note and mortgage in suit, filed with and made parts of each paragraph of complaint, that the Second Baptist Church (colored), appellant, was not named, nor even alluded to in either such note or mortgage, and that the several persons, whose names were subscribed to such note and mortgage, apparently executed the same respectively as individuals, and not as trustees or agents for any one, or in any official or representative character.

Appellant separately demurred to each paragraph of complaint, solely upon the ground that it did not state facts sufficient to constitute a cause of action. These demurrers were overruled by the court, and these rulings are the only errors of which complaint is here made by the appellant.

We are of opinion that the court did not err in overruling appellant's demurrers to each paragraph of appellee Furber's complaint. It is true, no doubt, as appellant's counsel claims, that the note and mortgage, described in each paragraph of

such complaint, were the note and mortgage of the several makers thereof, and were not, and did not purport to be, upon the face thereof respectively, the note and mortgage of the appellant. This much is settled, and correctly so we think, by the decisions of this court. *Hays* v. *Crutcher*, 54 Ind. 260; *Hayes* v. *Matthews*, 63 Ind. 412; *Hayes* v. *Brubaker*, 65 Ind. 27; *Williams* v. *Second Nat'l Bank*, 83 Ind. 237; *McClellan* v. *Robe*, 93 Ind. 298.

If, in the case in hand, appellee Furber had alleged in his complaint merely the execution of the note and mortgage described therein, and that the mortgage debt was due and unpaid, while such complaint would have been amply sufficient to withstand a demurrer on the part of the defendants, who executed such note and mortgage, it is clear that it would have stated no cause of action whatever against the appellant. But in each paragraph of his complaint appellee Furber has stated such facts precedent and subsequent to the execution of the note and mortgage, and connected therewith, as constituted a good cause of action against the appellant, without regard to any liability on its part on such note and mortgage. In each paragraph of complaint, it was alleged that, at and before the 2d day of May, 1874, appellant was involved in debts which it could not pay, and had an unfinished church edifice which it wanted to complete; that, to enable it to pay its debts and finish its church building, appellant, by and through its authorized officers and agents, applied to appellee Furber for a loan of $5,000; that on the day and year last named, Furber loaned the appellant such sum of $5,000 upon a credit of five years, and it received the money; that appellant applied such money to the payment of its debts and the completion of its church edifice; and that the sum of money, so loaned appellant by appellee Furber, was long past due and wholly unpaid.

All these facts were fully and clearly stated, in each paragraph of complaint herein, and were amply sufficient, as it seems to us, to constitute a cause of action against the appel-

lant, good on its demurrer thereto for the want of sufficient facts.

Even if it were conceded, therefore, that each paragraph of the complaint failed to show that appellant was liable on the note and mortgage described therein, a point which we need not and do not decide, still, we think, the court committed no error in overruling its demurrers to each paragraph of complaint. It does not affect the question we are now considering, that each paragraph of complaint sought the foreclosure of the mortgage described therein. If the paragraph stated facts sufficient to constitute a cause of action against the appellant, its demurrer thereto was correctly overruled, no matter what other facts might be alleged, nor what relief might be sought therein. The only question we are required to consider and decide, by the record of this cause and the error assigned thereon, may be thus stated: Does each paragraph of Furber's complaint herein state facts sufficient to constitute a cause of action against the appellant? We are of opinion, for reasons already given, that this question must be answered in the affirmative, and this answer requires us to affirm the judgment below.

The judgment is affirmed, with costs.

Filed Feb. 2, 1887; petition for a rehearing overruled March 8, 1887.