THE SECOND NATIONAL BANK OF AKRON, OHIO, *v.* THE MIDLAND STEEL COMPANY.

[No. 19,220. Filed December 13, 1900.]

BILLS AND NOTES.—*Signatures.—Evidence.*—In an action against a corporation by an indorsee on a promissory note it appeared that the name of the corporation was printed at the head of the note, and that the note was signed by an individual with the word "President" following the name. The complaint alleged that the person who signed the note was the president of the company; that the note was executed by the company, through such person as president, for a debt owing by the company to the payee, and that the payee accepted the same as the note of the company. *Held,* that extrinsic evidence was admissible to explain the instrument.

From the Delaware Circuit Court. *Reversed.*

*C. S. Cobbs, Rollin Warner* and *A. W. Brady,* for appellant.

*J. W. Ryan, W. A. Thompson, W. A. Ketcham, B. K. Elliott, W. F. Elliott* and *F. L. Littleton,* for appellee.

Dowling, C. J. —This case was transferred to this court by the order of the Appellate Court.

The appellant, an indorsee, sued the appellee upon a promissory note of which the following is a copy: "Midland Steel Company. Muncie, Ind., April 13, 1896. Three months after date, we promise to pay to the order of the Muncie Land Company $2,000, value received, negotiable and payable, without defalcation or discount, at Union National Bank, Pittsburg, Pa., with interest at six per cent. per annum. R. J. Beatty, President."

The complaint was in seven paragraphs. The *first* alleged, in general terms, that the appellee executed the note sued on. The *second* averred that the appellee executed the said note through one R. J. Beatty, who was at the time the president, general agent, and general manager of the appellee, and who, in executing the note, acted by appellee's authority, and on its behalf, as such president, etc., and not personally; that the sole consideration of said note was a debt of $2,000 then due from and owing by the appellee, alone, to the Muncie Land Company, which indorsed said note to the appellant. The *third* paragraph charged that the appellee executed said note by the name of R. J. Beatty, president. The *fourth* paragraph stated that the appellee had adopted and used as its name in the execution of negotiable promissory notes, etc., the name of R. J. Beatty, president, and by that name executed the note mentioned in the complaint. The allegation of the *fifth* paragraph was that the appellee executed the note under the name of R. J. Beatty, president, and that the note so executed was received, and accepted by the appellant as the note of the appellee. The *sixth* paragraph is the same as the *fifth* with the additional averments, however, that the note was executed for a debt due and owing from the appellee to the Muncie Land Company, and for no other consideration; that said note was executed by the appellee through one R. J. Beatty, who was, at the time, the president, general agent, and general man-

ager of the appellee, who acted by authority of the appellee, on its behalf, as its president, etc., and not personally; and that when the Muncie Land Company indorsed and delivered said note to appellant, it notified appellant that said note was the note of the appellee executed under the name of R. J. Beatty, president, and that appellant received it as such note of the appellee, and not otherwise. The *seventh* paragraph avers that, on the day of the execution of the note sued on, and long prior thereto, the appellee had adopted and used in the execution of its notes, drafts, etc., the name of R. J. Beatty; that, on said day, the appellee, by the description of "R. J. Beatty, president," executed to the Muncie Land Company the said note, whereby it, the said appellee, promised to pay said Land Company, three months thereafter, $2,000, with interest, etc., and that the Muncie Land Company received and accepted the same as the note of the appellee, and of no other person; that said note was given and executed for a debt of $2,000, owing from the appellee to the Muncie Land Company, and for no other consideration; that the said note was executed by the appellee, through one R. J. Beatty, who was the president, general agent, and general manager of the appellee, and who acted by the authority of the appellee and on its behalf in executing said note as such president, agent, etc., and not personally, or in any other capacity; that said Beatty intended to execute said note in such manner that it would be the note and obligation of the Midland Steel Company, and of no other person; that said Muncie Land Company accepted said note in the belief that it was the note and obligation of the appellee, and not the note of any other person, and that if said note is not the note of the said corporation such fact is due to the mutual mistake of the said R. J. Beatty and said Muncie Land Company; that the appellant accepted said note at the time it was indorsed to said appellant as the note and obligation of the appellee, and not otherwise, and that said note should, if found defective, be reformed so as to express the true intent of the parties.

Each paragraph avers the indorsement of the note by the Muncie Land Company to the appellant. It is also alleged that by the law of the state of Pennsylvania, where the said note is payable, it is negotiable as bills of exchange are nogotiable, and that no grace is allowed. A copy of the note is properly made an exhibit.

Prayer for judgment, the reformation of the instrument sued on, and all other proper relief. Demurrers to the several paragraphs of the complaint were sustained, and, the appellant refusing to plead further, judgment was rendered for appellee. The rulings on the demurrers are assigned for error.

Must the instrument set out in the complaint be conclusively presumed the personal obligation of R. J. Beatty, whose name is subscribed to it, or, under proper averments, may it be shown by parol evidence to be the contract of the appellee, the Midland Steel Company?

It is irregular in form, and ambiguous in its terms. The name of the Midland Steel Company is not subscribed to it, neither does the name of that corporation appear in the body of the contract. The instrument reads, "We promise to pay, etc.," but the plural pronoun "we," in the first person, cannot properly be used by a corporation. The name of the company appears on the instrument above the line in which are written the place and date of execution.

The signature to the instrument is "R. J. Beatty, president." It is not stated of what corporation Mr. Beatty is president, or on whose behalf, or as whose agent he signs the paper. The words 'we promise to pay,' are not gramatically correct, if it is understood that Beatty is the sole promisor.

Men do not usually describe themselves as president, secretary, treasurer, trustee, or agent, when signing their personal contracts by which they intend to bind themselves as individuals. If negotiable paper executed in this manner may be shown by proof of extrinsic circumstances to be the

contract of a corporation, or of any unnamed principal, then it may be suggested that an indorsee of such instrument might be left in doubt as to the identity of his debtor. On the other hand, it may be said that if the description of the person signing the paper must be disregarded, and if the instrument is to be conclusively presumed the contract of the person whose name is subscribed to it, then, in many cases, the person so signing would find himself personally liable for the debt of another, while the holder of the instrument might discover in an action upon it that, instead of having, as he supposed, the obligation of a solvent corporation or person, he held only the personal note of an irresponsible officer or agent of such corporation or person. In the usual course of business in this country, the addition of a title, or description of any kind is not customary,—indeed, it may be said that such addition or description is *never* appended, —when men sign their names to contracts by which they intend to bind themselves in their own proper persons, and not as the representatives of another. Again, it is to be observed that such additions and descriptions as president, secretary, treasurer, trustee, agent, and the like, plainly import a relation to some other person, as a principal, distinct from the person subscribing the instrument. Besides, the appearance of such description of the party signing the instrument is sufficient, in fact, to apprise the other party that the person so signing his name and describing himself, is not the principal in the transaction, but, that another, disclosed or undisclosed, is the real party in interest; or, at least, such addition or description is sufficient, in fact, to put the other party upon inquiry, both as to the identity of the real principal and the authority of the agent to bind him. We do not mean to assert here, however, the sufficiency in law of every such indication that the paper is executed in a representative capacity only.

The decisions in this State upon the question presented here cannot easily be reconciled or distinguished. Among

those holding that extrinsic evidence is not admissible to show that a contract executed by one who adds to his signature the words president, secretary, agent, trustee, etc., is not the contract of the person so signing, but the obligation of another party are the following: *Prather* v. *Ross,* 17 Ind. 495; *Kendall* v. *Morton,* 21 Ind. 205; *Wiley* v. *Shank,* 4 Blackf. 420; *Mears* v. *Graham,* 8 Blackf. 144; *Hays* v. *Crutcher,* 54 Ind. 260; *Williams* v. *Second Nat. Bank,* 83 Ind. 237; *Willson* v. *Nicholson,* 61 Ind. 241; *Hayes* v. *Brubaker,* 65 Ind. 27; *Avery* v. *Dougherty,* 102 Ind. 443; *Hobbs* v. *Cowden,* 20 Ind. 310; *Jackson School Tp.* v. *Farlow,* 75 Ind. 118, 123.

A different view seems to have been taken in other cases. *Means* v. *Swormstedt,* 32 Ind. 87; *McHenry* v. *Duffield,* 7 Blackf. 41; *Pitman* v. *Kintner,* 5 Blackf. 250, 33 Am. Dec. 330; *Kenyon* v. *Williams,* 19 Ind. 44; *Bingham* v. *Kimball,* 17 Ind. 396; *Indiana, etc., R. Co.* v. *Davis,* 20 Ind. 6; *Gaff* v. *Theis,* 33 Ind. 307; *Vater* v. *Lewis,* 36 Ind. 288; *Pearse* v. *Welborn,* 42 Ind. 331; *Neptune, Adm.,* v. *Paxton, Rec.,* 15 Ind. App. 284; *Louisville, etc., R. Co.* v. *Caldwell,* 98 Ind. 245; *Second Baptist Church* v. *Furber,* 109 Ind. 492, 496; *Swarts* v. *Cohen,* 11 Ind. App. 20; *Hunt* v. *Listenberger,* 14 Ind. App. 320.

In reviewing the cases in this State, it will be observed that the court, while adhering to the rule that the words affixed to the names of the persons signing an instrument are to be treated as mere *descriptio personarum,* deprecates the doctrine as an unreasonable one, and holds, whenever possible, that when the contract itself shows that the words were not merely descriptive of the person, they will not be so regarded.

Many exceptions to the rule contended for by the appellee in this case are generally recognized.

It does not apply to contracts executed by public officers in the discharge of official duties. 1 Am. & Eng. Ency. of Law (2nd ed.) 1056, and cases cited in note 2; *Macbeath*

v. *Haldimand,* 1 Durn. & East 172; *Sparta School Tp.* v. *Mendell,* 138 Ind. 188.   Nor to instruments executed by bank officers on behalf of a bank.   *Bank of State,* v. *Wheeler,* 21 Ind. 90; *Board, etc.,* v. *Butterworth,* 17 Ind. 129; *Baldwin* v. *Bank of Newbury,* 1 Wall. 234, 17 L. ed. 534; *Nave* v. *First Nat. Bank,* 87 Ind. 204; *Commercial Bank* v. *French,* 21 Pick. (Mass.) 486, 32 Am. Dec. 280; *Watervliet Bank* v. *White,* 1 Denio (N. Y.) 608; *Houghton* v. *First Nat. Bank,* 26 Wis. 663.   Nor to simple contracts for the performance of agreements other than the payment of money.   *Deming* v. *Bullitt,* 1 Blackf. 241; *Avery* v. *Dougherty,* 102 Ind. 443, 52 Am. Rep. 680; *Whitney* v. *Wyman,* 101 U. S. 392, 25 L. ed. 1050; *Post* v. *Pearson,* 108 U. S. 418, 27 L. ed. 774.

It is said by Mr. Freeman in his note upon *Greenburg* v. *Whitcomb Lumber Co.,* 90 Wis. 225, 63 N. W. 93, 28 L. R. A. 439, 48 Am. St. 911 on p. 919, that, "Upon principle, the true question for consideration in every case is, or, at least, ought to be, whether, taking the writing as a whole, it sufficiently appears therefrom that it is intended to be binding upon the corporation rather than upon the agent who has signed it.   It is not at all usual for a person, executing a note or other contract, to add words descriptive of himself, or to refer to his relation to other persons, whether natural or artificial, who have no connection with the transaction, and, when he designates his representative capacity, to assume that such designation was intended merely as a description of himself is to assume something which is rarely, and perhaps never, in harmony with the facts.   Of course, if he only describes himself as an agent or officer without indicating who his principal is, the instrument must necessarily be accepted as the obligation of the agent, or treated as void for want of a designated obligor. If, on the other hand, he, upon the face of the writing, discloses not only that he is an agent or officer, but also of whom he is such agent or officer, we must be astute to mis-

apprehend, or else we must concede that he has employed language better calculated to evidence the obligation of his principal than of himself.   There is a growing inclination to consider an instrument as it would manifestly be understood by the average business man, or, in other words, as it was most probably understood by the party receiving and the party signing it, and to exonerate the latter from liability, when, according to such construction, it appears to the court that he did not intend, and was not understood, to bind himself, but to act for the corporation of which he was the authorized agent.  *Despatch, etc., Co.* v. *Bellamy, etc., Co.,* 12 N. H. 205, 37 Am. Dec. 203 ; *Magill* v. *Hinsdale,* 6 Conn. 464, 16 Am. Dec. 70; *Smith* v. *Alexander,* 31 Mo. 193; *McClellan* v. *Reynolds,* 49 Mo. 312; *Pratt* v. *Beaupre,* 13 Minn. 187; *Johnson* v. *Smith,* 21 Conn. 627; *Wyman* v. *Gray,* 7 Harr. & J. 409; *Means* v. *Swormstedt,* 32 Ind. 87, 2 Am. Rep. 330; *Vater* v. *Lewis,* 36 Ind. 288, 10 Am. Rep. 29; *Farmers, etc., Bank* v. *Colby,* 64 Cal. 352, 28 Pac. 118." See also the very clear and full statement of the modern doctrine on this subject in 4 Thomp. on Cor. §5141 *et seq.*

In *Carpenter* v. *Farnsworth,* 106 Mass. 561, 8 Am. Rep. 360, a check had "Aetna Mills" printed on the margin, was signed "T. D. F., Treas.," and was given for the debt of the mills.   It was held not to bind F. personally.   Gray, J., "the court has always laid hold of any indication on the face of the paper, however informally expressed, to enable it to carry out the intention of the parties."

In *Roberts* v. *Austin,* 5 Wharton (Pa.) 313, the action was brought by the payee against the drawer of a bill of exchange, signed by the latter in his own name merely. Parol evidence was admitted to show that the drawer was agent of the drawee, and had given the bill in the business of the latter, and that the payee knew the facts when he received the bill.

In *Moore* v. *McClure,* 8 Hun 557, parol evidence was

held admissible to charge the principal on a note signed "A. B., Agent." The court said: "The fact that the name of the principal does not appear on the face of the note is not, under the modern decisions in this State, at all conclusive. If it was intended to be given in the business of the principal, was in fact so given, and with due authority, it is binding on the principal, and all this is matter of evidence."

In *Hicks* v. *Hinde,* 9 Barb. 528, a draft in favor of the plaintiff was signed, "John Hinde, Agent," and extrinsic evidence was admitted to discharge Hinde from liability.

In *Scanlan* v. *Keith,* 102 Ill. 634, 40 Am. Rep. 624, the court say: "Where a party signs his name as cashier or agent for a banking, railroad or other corporation, in drawing drafts or bills, or in accepting drafts or other evidences of indebtedness, in its ordinary business, if it appears, or is made to appear, it is the obligation of the corporation, and the cashier or agent or other officer had authority to bind the corporation, he is not personally liable, and the facts may be shown by extrinsic evidence." See, also, *Hypes* v. *Griffin,* 89 Ill. 134, 31 Am. Rep. 71; *Merchants Bank* v. *Central Bank,* 1 Ga. 418, 44 Am. Dec. 665.

In *Baldwin* v. *Bank of Newbury,* 1 Wall. 234, 17 L. ed. 534, the court by Clifford, Justice, quote with approbation the opinion of Johnson, Justice, in *Mechanics Bank* v. *Bank of Columbia,* 5 Wheat. 326, 5 L. ed. 100, in which it was said: "It is by no means true, as was contended in argument, that the acts of agents derive their validity from professing, on the face of them, to have been done in the exercise of their agency." Rules of form, in certain cases, have been prescribed by law, and where that is so, those rules must in general be followed, but in the diversified duties of a general agent, the liability of the principal depends upon the fact that the act was done in the exercise and within the limits of the powers delegated, and those powers are necessarily inquirable into by the court and jury. Maker of the note in that case had signed his name without

any addition to indicate his agency, which makes the case a stronger one than the one under consideration.    Same rule as applied to ordinary simple contracts has since that time been fully adopted by this court.    Examples of the kind are to be found in the case of the *New Jersey Steam Navigation Co.* v. *Merchants Bank,* 6 How. 381, 12 L. ed. 465, and in the more recent case of *Ford* v. *Williams,* 21 How. 289, 16 L. ed. 36, where the opinion was given by Mr. Justice Grier.    In the latter case, it is said that the contract of the agent is the contract of the principal, and he may sue or be sued thereon, though not named therein. Parol proof may be admitted to show the real nature of the transaction, and it is there held that the admission of such proof does not contradict the instrument, but only explains the transaction."

"Where the principal's name appears printed in the margin or head of a bill or note executed by an agent, the former is sufficiently designated to put a prudent man upon enquiry, and to take the case out of the rule in regard to an undisclosed principal." 1 Am. & Eng. Ency. of Law (2nd ed.) 1047, and cases cited in notes.

In the case before us, the Midland Steel Company is named in the instrument sued on.    There is nothing to indicate that the name of the company is outside of the note, or that it was not written in, and intended to form a part of it.    The complaint avers that the note was given by the Midland Steel Company, and, in some of its paragraphs that it was given for a debt owing by the Midland Steel Company to the Midland Land Company, and for no other consideration; that it was intended to be the note of the appellee, and was so received, and that the appellant took it from the payee with that understanding.    Under these circumstances we think it may properly be treated as the note of the Midland Steel Company, and not as the obligation of the person who signed his name to it as the president of that corporation.    In view of the fact that an indorsee is seeking

to charge the Midland Steel Company as the maker, and, as the indorsee alleges, that it took the note with notice that Beatty, whose name was subscribed to it as president, was not bound, we think it unimportant whether the note was negotiable as a bill of exchange, or otherwise. If the appellee is correct in its contention that the instrument was not negotiable as a bill of exchange, then it was a simple contract for the payment of money and, according to the authorities, the rule as to the admissibility of parol evidence to explain its true character is less stringent. It is also a fact of some importance in the case that the party attempting to escape liability is the one who is alleged to be the real debtor, and who received the full consideration for which the note was executed, and not the officer or agent who undertook to execute it in his representative capacity and who derived no personal benefit from the transaction.

The form of the instrument sued on is not such as to require the court to presume, conclusively, that it is the obligation of R. J. Beatty. Extrinsic evidence is admissible to explain the instrument, and to show that it was intended and understood by the parties to be the note of the Midland Steel Company.

The averments of each paragraph of the complaint were sufficient to authorize such proof, and to fix the liability intended to be created by the instrument where it properly and justly belongs. The previous decisions of this court inconsistent with the views expressed in this opinion are overruled.

The judgment is reversed, with instructions to the court to overrule the demurrers to the several paragraphs of the complaint, and for further proceedings in accordance with this opinion.