HARRIS *v.* HARRIS.

PROMISSORY NOTE. — *Statute of Limitations of Another State.*—Suit, commenced in 1867, by the payee against the maker, on a promissory note dated in 1851. The answer was a statute of California limiting such actions to four years, and alleged that the defendant had resided in that state for more than that time before suit, and still resided there. Reply that both plaintiff and defendant resided in this State when the note was made; that defendant had removed from the State in 1852, and was still a non-resident; and that proceedings were commenced by attaching his interest in lands within the county where suit was brought.

*Held*, on demurrer that the reply was insufficient.

APPEAL from the St. Joseph Circuit Court.

DOWNEY, J.—Suit by the appellee against the appellant on a promissory note executed by the defendant to the plaintiff, on the 13th day of March, 1851, on which there was a credit of payment March 13th, 1853. The suit was

commenced January 28th, 1867. The defendant answered the statute of limitations of California, requiring such actions to be brought within four years, and alleged his residence in that state for more than that time prior to the commencement of the suit, and that he was still a resident of that state.

Reply that the note was made in St. Joseph county, Indiana, where both plaintiff and defendant then resided; that defendant removed, in 1852, from the State of Indiana, and at the time of the commencement of this suit was a non-resident of the State of Indiana; that the action was commenced by attaching the interest of the defendant in certain described real estate in said county.

There was a demurrer by the defendant to this reply, for want of sufficient facts, and it was overruled, and the defendant excepted.

. We need not notice the further proceedings in the case. It will have to be reversed for this ruling on the demurrer to the reply.

The question involved here is decided against the appellee, in the case of *Van Dorn* v. *Bodley, ante,* p. 402.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the reply, and for further proceedings.

. Buskirk, J., dissents.

*A. Anderson* and *L. Hubbard,* for appellant.

*J. S. Harvey,* for appellee.