## WRIGHT *v.* JOHNSON ET AL. EX'RS.

STATUTE OF LIMITATIONS.—*Promissory Note.*—Suit upon a promissory note payable generally without specified time or place, executed in may, 1858. Answer, that in 1860 the defendant removed to the District of Columbia and

has ever since resided and now resides there; that a statute of that district limits actions upon promissory notes to three years from the maturity thereof. The action was brought in 1870.

*Held*, that the facts pleaded constituted a defence to the action in the place where the defendant resided, and under section 216, 2 G. & H. 161, the same defence was available here.

APPEAL from the Cass Common Pleas.

WORDEN, J.—Action by the appellees against the appellant upon a promissory note executed in May, 1858, by the appellant to the deceased, at Logansport, Indiana, for the sum of a little over one hundred dollars, payable generally without specified time or place, with interest from date.

Issue, trial by the court, finding and judgment for the plaintiffs, a motion for a new trial on behalf of the defendant being overruled.

The appellant, defendant below, pleaded in bar of the action the statute of limitations of the District of Columbia, in the United States, averring that he then was, and for the last ten years had been, a resident of said district. The statute pleaded is as follows:

"Actions shall be brought within the following times from the date of the accruing of the cause thereof: Upon all accounts, within one year; upon all bonds and instruments under seal, within five years from the maturity thereof; upon all promissory notes and instruments not under seal, within three years from the maturity thereof, and not afterwards."

Reply in denial of this paragraph.

On the trial, it was admitted by the parties that the defendant, Wright, then was a resident of the District of Columbia, and had been since 1860; that the note was executed at Logansport, Indiana, and that at the time of the execution thereof, Wright was a resident of Cass county, in said state, but that in 1860, he ceased to be a resident of Indiana, and became a resident of the District of Columbia, and has since continued to be a resident of that district, as above stated; that ever since the residence of Wright in the District of

Columbia, the law above set out on the subject of the limitation of actions has been in force in that district.

The plaintiffs did not see proper to test the sufficiency of the paragraph of the answer setting up the statute of limitations of the District of Columbia by demurring thereto; but on the trial we must suppose the court regarded the paragraph as insufficient, inasmuch as it was clearly shown, by the admission of the parties, that it was true in point of fact.

We are of opinion that the defence pleaded was available. We have a provision that "when a cause has been fully barred by the laws of the place where the defendant resided, such bar shall be the same defence here as though it had arisen within this State." 2 G. & H. 161, sec. 216.

Wright commenced to reside in the District of Columbia in 1860, and has continued to reside there. This action was not brought until after 1870. Had the suit been brought in the District of Columbia, the statute pleaded would clearly have been a bar to the action. That being the case, our statute makes it a bar, the action being brought here. *Harris* v. *Harris*, 38 Ind. 423; *Van Dorn* v. *Bodley*, 38 Ind. 402.

The judgment below is reversed, with costs, with instructions to the court below to grant a new trial and proceed in accordance with this opinion.

BUSKIRK, J., dissents for reasons stated by him in *Van Dorn* v. *Bodley, supra.*

*D. Turpie*, for appellant.

*S. T. McConnell* and *M. Winfield*, for appellees.