The Mechanics Building Association *v.* Whitacre.

---

No. 9013.

THE MECHANICS BUILDING ASSOCIATION *v.* WHITACRE.

RECORDER.—*Liability.*—*Mortgage,—Negligence.—Entries.*—On the back of a mortgage of lands the mortgagee endorsed, "Received payment for the within mortgage this 19th day of July, 1871," and signed and acknowledged it before a notary, as was duly certified. This the recorder recorded on the margin of the record of a different mortgage between the same parties upon other lands. Misled by this A. made a loan to the mortgagee, taking as security a mortgage upon the lands last referred to, and suffered loss in consequence.
*Held,* that the recorder was liable to A.
SAME.—*Breach of Contract.*—*Damages.*—A false certificate given by a recorder, that there are no recorded mortgages unsatisfied upon certain lands, creates no liability upon the recorder as such, the act not being official, but if he contract to examine and certify the truth, then he is liable for breach of his contract.
STATUTE OF LIMITATIONS.—*Statute Construed.*—The proviso to section 297, R. S. 1881, applies only to the second clause of the section, so that, where the cause of action arose in this State, the time during which the defendant was a non-resident or absent on public business is not to be computed in the period of limitation.

From the Wayne Circuit Court.

*C. H. Burchenal* and *B. F. Harris,* for appellant.
*W. D. Foulke* and *J. L. Rupe,* for appellee.

MORRIS, C.—This action was brought by the appellant against the appellee, to recover damages alleged to have been sustained through the negligence of the latter.

The complaint contains two paragraphs. The first states, in substance, that one Isaac Lammert executed a mortgage on certain real estate situate in Wayne county, Indiana, to one Hettle to secure a debt of $500 and interest, which mortgage had been duly recorded in the recorder's office of said county, and duly indexed in the general index of mortgages in said office, and was, and appeared of record to be, a valid lien on said real estate; that on the 19th day of August, 1871, the defendant, being then the recorder of said county, and, as such, having the custody of the mortgage records and index

of said county, entered and recorded, upon the margin of the page upon which said mortgage had been recorded, an instrument of satisfaction, purporting to have been made and acknowledged by said mortgagee as follows:

"Received payment for the within mortgage this 19th day of July, 1871.                                    S. L. HETTLE.

"STATE OF INDIANA, WAYNE COUNTY: Before me, the undersigned, a notary public in said county, personally came Squire L. Hettle, and acknowledged the execution of the above release, this 19th day of July, 1871.

"ABEL L. STUDY, Notary Public.  [SEAL.]"

And that the defendant, according to the uniform custom of recorders of mortgages in said office, entered in the general index of mortgages that said mortgage had been satisfied July 19th, 1871; that said mortgage appeared satisfied and discharged, whereas no such satisfaction had in fact been made; that said instrument, so entered and recorded by said appellee, had been executed by said Hettle upon the back of another mortgage upon other land, and not being designed to apply to the one in question, and being so recorded by the appellee through negligence on his part; that while the said Hettle mortgage so appeared to be satisfied, said Lammert applied to the appellant to obtain a loan of money upon the security of a mortgage upon the same real estate, and produced to the appellant a certificate, made and signed by the appellee as such recorder, attested by his official seal, dated September 20th, 1871, certifying that there were then no unsatisfied mortgages on said real estate; that the plaintiff, having caused an examination to be made of said records and said certificate, and the same appearing to be correct, and no encumbrance appearing against said real estate unsatisfied, said plaintiff, on the faith of said release of said Hettle mortgage, so made and appearing of record as aforesaid, and of the said certificate, and having no notice or knowledge that any part of said Hettle mortgage remained unsatisfied, made to said Lammert a loan of $990, and took from him a mortgage on said real es-

tate to secure the same, together with interest, dues and fines according to the laws and usages of said appellee, which mortgage was duly recorded; that said Lammert was then solvent, and so continued, and continued to pay his interest, dues, etc., up to February, 1876, when he ceased to pay, and then became and has since continued to be insolvent; that the Hettle mortgage became due and was unpaid, and suit was brought to foreclose the same, which resulted in a decree of foreclosure, under which said real estate was sold by the sheriff February 24th, 1877, for $698.48; and at the expiration of one year thereafter a deed therefor was executed to the purchaser; that appellee had no notice, until the commencement of the foreclosure suit, that said Hettle mortgage remained unsatisfied; that said real estate was then worth no more than the sum for which it had been so sold; that the appellant is without remedy to recover any part of his mortgage debt, of which a large sum remains due and unpaid; that by the wrongful acts of the appellee the appellant has been damaged, etc. Wherefore, etc.

The second paragraph states that Lammert, being the apparent owner of said real estate, applied to the appellant for a loan, to be secured by a mortgage on the same; that the appellant applied to the appellee as such recorder, to search the records of said county, and make out a certified statement of the title of Lammert to said real estate and the encumbrance thereon, under his hand and official seal; that the appellee made out and delivered such statement to the appellant, certifying that there was no encumbrance on said real estate. A copy of the certificate is filed with the complaint. It is alleged that the certificate was false; that the Hettle mortgage remained unsatisfied and binding upon said real estate; that the appellant had no actual notice or knowledge of said Hettle mortgage. The foreclosure of the Hettle mortgage, the sale and conveyance of the real estate, its value, etc., are there stated as in the first paragraph. The insol-

vency of Lammert and the loss of the appellant are alleged as in the first paragraph.

The appellee demurred separately to each paragraph of the complaint. The court sustained the demurrer to the first and overruled it to the second. The appellee filed an answer in nine paragraphs. Demurrers were sustained to the 2d, 3d, 6th, 7th and 9th, and the appellant replied to the 4th, 5th and 8th.

The cause was submitted to a jury for trial, who returned a verdict for the appellee.

The appellant moved the court for a new trial. The motion was overruled, and final judgment was rendered for the appellee. The evidence is in the record by bill of exceptions.

The sustaining of the demurrer to the first paragraph of the complaint, the overruling of the appellant's demurrer to the fourth and fifth paragraphs of the appellee's answer, and the overruling of the motion for a new trial, are assigned as errors.

The appellee insists that the first paragraph of the complaint is bad, for the reasons, that the satisfaction of the Hettle mortgage, not being made according to law, could not be relied upon as a record of satisfaction by the appellant; that the alleged entry upon the general index of mortgages is not required to be made by any law; that it was a mere private memorandum upon which no one had a right to rely; that the alleged certificate to said abstract, as set forth in the complaint, was not required by law to be made by the recorder; that he could be made liable for an error in such abstract only as other persons might be made liable upon contract; that it is not alleged in the first paragraph that the appellee was employed by the appellant to make the certificate, and, therefore, he could not be held liable for errors therein.

Upon the last proposition we think the appellee is right. We know of no law, nor has the counsel for the appellant referred us to any, that makes it the duty of the recorder to search the records and certify to the conditions of titles. If,

for a consideration, he undertook to search the records and certify to titles, and whether certain real estate was encumbered or not, he would be liable upon such undertaking just as would any other person; he would be liable to the party who employed him, but not to such as might simply see and rely upon such certificate. *Savings Bank* v. *Ward,* 100 U. S. 195.

Cooley, in his work on Torts, p. 389, says: "The recorder knows that his records are to be seen, and titles to be made in reliance upon them; he is not bound to know that his certificate is for the use or reliance of any one but the person who receives it, nor can it be assumed that he gives it for any other use. He contracts with the person who requests it and pays for it to give a certificate which shall state the facts, but he enters into no relation of contract or otherwise in respect to it with any other person, and if another relies upon it to his injury, he can not have redress upon the recorder, because the recorder assumed no duty for his protection." *Houseman* v. *Girard, etc., Ass'n,* 81 Pa. St. 256.

There is no statute requiring the recorder to enter upon or in the general index of mortgages the date of the satisfaction of the mortgage or the satisfaction itself; such an entry, if made, could be regarded only as the private memorandum of the recorder, and not as a record upon which any one would have the right to rely. If the appellant relied upon such an entry, it was at its own peril, and if it was injured, it can not have redress against the recorder; such an entry can not be regarded as an official act, nor was it, in this case, procured to be done by any contract. *Gilchrist* v. *Gough,* 63 Ind. 576.

But, upon the record of the satisfaction of the Hettle mortgage, the appellant had a right to rely, unless it was so made that he could not see it and rely upon it without being guilty of negligence himself. The recording of the satisfaction of the mortgage was an official act; it was the making of a record upon which any one interested had the right to rely. Such records, says Judge Cooley, are "for public and general inspection, and are required to be kept that all persons may have,

by means of it, accurate information concerning titles. * * The recorder knows that his records are to be seen and titles to be made in reliance upon them." Cooley Torts, p. 389. The duty which the recorder is under to record satisfactions of mortgages accurately, is due to every one who has occasion to examine them; and, conceding this, Cooley says, in substance, that he is liable to any one who has a right to rely upon such records, and is injured in consequence of errors therein.

It is contended by the appellee that the satisfaction in this case was not, in fact, legally recorded, and that, therefore, there was no record upon which the appellant could rely. This conclusion is based upon the failure of the recorder to state on the record the book and page upon which the mortgage intended to be satisfied might be found, and upon the fact that the release was recorded upon the margin of the page upon which the Hettle mortgage was recorded. It is also contended by the appellee that the mortgage record is not the proper record in which to record releases of mortgages.

Although, so far as we can find, there is no statute expressly requiring satisfactions of mortgages to be recorded in the mortgage record or in any other particular record, yet, from the relation of such releases to the mortgages to be satisfied, we think it must be held to be the intention of the law that such releases should be recorded in the mortgage record. We believe it is the universal custom throughout the State to record such instruments in the record of mortgages.

Nor was the record of the release invalid because it was made upon the margin of the record. If there was room to record the release on the margin, we can see no reason why it should not be as valid, if so recorded, as it would be if the record had been made upon any other part of the page. A mortgage, recorded upon the margin of the page, would, for anything we can see, be as effectual as if recorded elsewhere in the book. There is no law specifying the part of the page on which such instrument shall be recorded. Nor is the record of the release invalid or void because the recorder, con-

trary to his duty, failed to state the book and page upon which the mortgage released had been recorded. Such statement is no part of the record of the release. The purpose of the statement is to enable those who have seen the record of the release to find, conveniently, the record of the mortgage released, not to give effect to the record of the release.

In this case, the recorder failed to state upon the record the page and book upon which the mortgage released had been recorded, but he did what, in his judgment, was equivalent to it, and, if in doing this, he erred, he should not be allowed to shield himself from the consequences of his error, by charging the appellant, who judged of his acts as he himself did, with negligence. Had the recorder in this case added to the record of the release a statement of the book and page upon which the Hettle mortgage was recorded, no one would doubt, though the release had been, as it was, recorded upon the margin of the mortgage record, that it was a valid record upon which any one, having occasion, would be authorized to rely.

By recording the release upon the margin and in immediate juxtaposition with the Hettle mortgage, the recorder intended to say, and may be fairly and reasonably understood to have said, that that was the mortgage to which the release applied. By this act, the book and the page on which the released mortgage had been recorded were intended to be, and it seems to us were as definitely indicated as they would have been had the recorder stated in words, and in literal compliance with the statute, the book and page in which the mortgage had been recorded.

The appellee, in doing what he did, acted officially, and his acts, to say the least of them, were calculated to mislead those who had a right to rely upon them ; the appellant was so misled to his injury, and is, upon the facts stated in the first paragraph of the complaint, entitled to relief.

If it shall be said that the word " within," used in the release, indicated that it had been made on the back of the

mortgage released, it may be said, also, that the manner of recording the release, and the place where it was recorded, indicated, and were intended to indicate, that the mortgage recorded on the same page was the record of the mortgage upon which the release had been written.

Upon the general subject of the liability of public officers, see *Adsit* v. *Brady*, 4 Hill, 630; *Hover* v. *Barkhoof*, 44 N. Y. 113; Whart. Neg., section 297.

We think the court erred in sustaining the demurrer to the first paragraph of the complaint. As for this error the judgment below must be reversed, we deem it unnecessary to consider the other questions discussed by counsel.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, at the costs of the appellee.

Filed Nov. 16, 1882.

## ON PETITION FOR A REHEARING.

BEST, C.—The appellee contends that the first paragraph of the complaint, to which a demurrer was sustained by the court below, shows upon its face that the cause of action therein stated was barred by the statute of limitations, and that, therefore, the demurrer to it was rightly sustained by the court; that this court, in the opinion reversing the judgment of the court below, failed to notice the question of the statute of limitations so presented for decision by the demurrer, and, therefore, erred in reversing the judgment upon the demurrer.

It is true that the question of the statute of limitations was fairly presented to this court for decision, and that it should have been, but, through some inadvertence, was not decided. If, as the appellee contends, it appears upon the face of the first paragraph of the complaint, that it is barred by the statute of limitations, and that none of the exceptions contained in the statute applies to the case, a rehearing should be granted.

The Mechanics Building Association *v.* Whitacre.

Section 216 of the statute of limitations of 1852, 2 R. S. 1876, p. 127 (section 297, R. S. 1881), is as follows:

" The time during which the defendant is a non-resident of the State or absent on public business shall not be computed in any of the periods of limitation ; but when a cause has been fully barred by the laws of the place where the defendant resided, such bar shall be the same defence here as though it had arisen in this State: *Provided,* That the provisions of this section shall be construed to apply only to causes of action arising without this State."

There is nothing in the first paragraph of the complaint showing that the appellee, the defendant below, had not for several years prior to the commencement of the suit resided out of the State or been absent on public business. If the section above set out applies to this case, it follows that the first paragraph of the complaint does not show upon its face that the cause of action is barred by the statute of limitations.

The appellee says, however, that the above section, by its terms, applies only to causes of action arising out of the State, and that, as in this case the complaint shows that the cause of action arose within this State, the demurrer presented the question, and was rightly sustained.

The language of the proviso seems to limit this section to causes of action arising out of this State, but the section can not receive such construction. The first clause applies to all causes wherever arising, and whenever any statute of limitations of this State is relied upon, the period of time during which the defendant may have been a non-resident or absent on public business can not be computed as a part of the period of limitation. This was decided long before this statute was amended by adding the proviso. *Lagow* v. *Neilson,* 10 Ind. 183.

Shortly before this section was amended by the act of March 13th, 1875, it was held that the last clause of this section applies to a cause of action arising in this State, and that where a defendant has resided in another State long

enough to create a bar by the statute of such State, an action in this State upon such cause of action may be defeated by pleading the statute of such other State. *Harris* v. *Harris,* 38 Ind. 423 ; *Wright* v. *Johnson,* 42 Ind. 29.

Immediately thereafter, this section was amended by adding the proviso, and this was evidently done for the purpose of limiting the last clause of said section to causes of action not arising in this State. Thus limited, full effect is given to each clause, and the whole is rendered consistent and reasonable. To otherwise construe it is to render the first clause inoperative. The last clause can not be made available but by pleading some other statute which renders the defendant's residence elsewhere a bar, and it is absurd to talk about deducting the time of the defendant's non-residence or absence on public business from such period of limitation. If, therefore, such section only applies to such case, the first clause is without meaning. We do not think this statute thus limited, and therefore are of opinion that the cause of action does not appear to be barred by the statute of limitations.

We have carefully considered the other causes for which the appellee asks a rehearing. They present for our consideration the questions considered in the original opinion. We are still satisfied with the opinion, and think the petition for a rehearing should be overruled.

PER CURIAM.—Petition overruled.

Filed Jan. 11, 1884.