Morrison *v.* Kendall *et al.*

No. 706.

## MORRISON *v.* KENDALL ET AL.

PLEADING.—*Answer of Novation.*—*Sufficiency.*—*Partnership.*—*Promissory Note.* —A promissory note was issued in the firm name and style of Kendall & Leaming in favor of one Morrison. In an action on the note by said Morrison against said Kendall & Leaming, Leaming answered, that after the execution of the note he sold his interest in the firm property of Kendall & Leaming to one Billington, and that the firm of Kendall & Leaming was dissolved; that in consideration of the sale and transfer of defendant's interest in the partnership property, and in the adjustment of the affairs of the partnership Kendall & Billington agreed with the defendant and with said Morrison to assume, pay, and discharge all the debts of the firm of Kendall & Leaming, including the note sued on; that said Billington was then solvent and able to pay all of said liabilities; that in consideration of the promise of Kendall & Billington, said Morrison agreed with the defendant to accept the liability of Kendall & Billington in lieu of the defendant and release him therefrom, and that in consideration of the promises of Kendall & Billington, said Morrison released and discharged the defendant from liability on said note. *Held,* that the answer as one of *novation* is insufficient.

CONTRACT. — *Novation.* — *Requisites.* — *Manner of Making.* —*Consideration.*— A novation exists where a new obligation is substituted for an old one, and may take place in the following manner: 1. Where the debtor and creditor remain the same but a new debt takes the place of the old one. 2. Where the debt remains the same, but a new debtor is substituted for the old one. 3. Where the debt and debtor remain the same, but a new creditor is substituted for the old one. In every contract of novation there are four requisites: 1. A previous valid obligation. 2. Agreement of all the parties to the new contract. 3. Extinguishment of the old contract. 4. A valid new contract. The consideration of such a contract is the extinguishment of the old contract, and the making of the new and the extinguishment of the old contract must take place simultaneously.

DEBTOR AND CREDITOR.—*Assumption of Debt by Third Person.*—*Effect.*—The assumption of a debt by a third person does not release the original debtor or affect the right of the creditor.

CONSIDERATION.—*Release.*—*Novation.*—Release as well as novation must be supported by a valuable consideration.

PLEADING.—*Answer.*—*Release.*—*Conclusion of Law.*—In an answer setting up a novation, the averment that the payee did release the maker is the statement of a conclusion of law and not a fact.

Morrison v. Kendall et al.

STATUTE OF LIMITATIONS.—Non-Residence.—Foreign Statute.—The statute of limitations in force at the time the remedy is sought governs, and, under section 297, R. S. 1881, the time during which a defendant is a non-resident can not be computed when the cause of action arises in this State, neither, in such a case, can a foreign statute be pleaded in bar.

SAME.—Subsequent Statute can not Revive.—If the time limited for commencing an action expires while the statute is in force and before suit is brought, the right of action is barred and can not be revived by a subsequent statute.

SAME.—Complaint.—When Sufficient as to.—A complaint is good as against the statute of limitations, unless it appears therefrom or by other pleadings that the cause of action is barred by the statute and does not come within any of the exceptions.

HARMLESS ERROR.—Intermediate Error.—Ultimate Judgment Correct.—Where the ultimate judgment is correct, intermediate errors will not work a reversal.

From the Laporte Circuit Court.

*M. H. Weir* and *W. E. Higgins*, for appellant.

*W. B. Biddle*, for appellees.

LOTZ, J.—The appellant was the plaintiff, and the appellee Edward H. Leaming was the defendant in the court below. The action was on a promissory note, executed by the defendant and one David Kendall, by the name and style of Kendall & Leaming. It was dated at Laporte, Indiana, on November 13, 1863, due in twelve months after date, payable· to the order of one Ezekiel Morrison. It was indorsed by said Morrison in blank. It appears by the averments of the complaint that David Kendall was dead at the time the suit was instituted. No reason is given for including his name in the complaint. The defendant answered the complaint in three paragraphs. Demurrers were filed to each paragraph and overruled. The plaintiff replied to the first paragraph, and refused to plead further to the second and third, but elected to abide by and stand upon the rulings of the count thereon. There was a submission of the cause to the court, and a finding for the defendant. A motion for a new trial was filed

and overruled, and final judgment rendered for the defendant. The errors assigned are the overruling of the demurrers to each paragraph of the answer, and of the motion for a new trial.

We will consider these in their order.

The first paragraph of the answer admits the execution of the note by the firm of Kendall & Leaming, but alleges that the plaintiff ought not to maintain the action against him, for that, after the execution of said note, to wit: on or about July, 1865, this defendant sold his interest in the firm property of the firm of Kendall & Leaming to one Lorenzo Billington, and said firm of Kendall & Leaming was dissolved; that in consideration of the sale and transfer of defendant's interest in said partnership property, and in the adjustment of the affairs of said partnership, the said Kendall & Billington agreed with the defendant, and with said Ezekiel Morrison to assume, pay, and discharge all the debts of said firm of Kendall & Leaming, including the note sued on, then held by Ezekiel Morrison, the payee; that said Billington was then solvent and abundantly able to pay said note and all other liabilities; that in consideration of the promise of said Kendall & Billington, said Ezekiel Morrison, the payee of said note, and then the holder thereof, agreed with the defendant, to accept the liability of said Kendall & Billington in lieu of the defendant, and release defendant therefrom; that in consideration of said promise of said Kendall & Billington, the said Ezekiel Morrison released and discharged the defendant from any liability on said note.

Counsel for both appellee and appellant call this answer a novation. As an answer of novation, we think it insufficient. Novation is the act of making something new. It is the substitution of a new obligation for an existing one. It takes place when a new debtor is substituted for an old one, or when a new obligation takes the place of an old one. In every case of a novation there are four

requisites : a previous valid obligation, an agreement of all the parties to the new contract, an extinguishment of the old contract, and a valid new contract.   It may take place in three ways : when the debtor and creditor remain the same but a new debt takes the place of an old one ; when the debt remains the same but a new debtor is substituted for the old debtor ; and where the debt and debtor remain the same but a new creditor is substituted for the old one. The contract of novation, like any other contract, must have a consideration to support it.   The extinguishment of the old debt is the consideration for the new contract. Hence it follows that the original obligation or debt, of which novation is sought, must be absolutely extinguished. Unless it is extinguished, the new agreement is wanting in an essential element, and the novation fails.   It is also essential in such contract that the discharge or extinguishment of the old obligation takes place simultaneously with and result from the creation of the new obligation.   *Clark* v. *Billings*, 59 Ind. 508; *Bristol Milling and Mfg. Co.* v. *Probasco*, 64 Ind. 406; *McClellan* v. *Robe*, 93 Ind. 298; *Parsons* v. *Tillman*, 95 Ind. 452; *Kelso* v. *Fleming*, 104 Ind. 180.

The novation attempted to be made by the answer is the substitution of one debtor for another, namely : Kendall & Billington for Kendall & Leaming.   To make it a valid novation under the rules above laid down, all of the parties, Morrison the payee, and Kendall, Leaming and Billington must have agreed upon the same terms at the same time, and the debt of Kendall & Leaming to Morrison must have been absolutely extinguished at the moment the contract of novation came into existence.   The case made by the answer is wanting in these two elements. The averment is that "Kendall & Billington agreed with this defendant, and with the said Ezekiel Morrison, to assume pay and discharge all the debts of said firm of Kendall & Leaming, including the note sued on, * * * and

in consideration of the promise of said Kendall & Billington, said Ezekiel Morrison agreed with this defendant, to accept the liability of said Kendall & Billington in lieu of that of the defendant and release him therefrom." The agreement on the part of Kendall & Billington to assume, pay, and discharge the note in suit, falls far short of a substitution and extinguishment, for though they may have assumed and promised to pay the note, such promise is one made for the benefit of Morrison, and he might sue upon it either with or without their consent, and without releasing the original obligation. The assumption of the debt by Kendall & Billington made them as between themselves and this defendant primarily liable, but there is no extinguishment until the debt is paid. This has been many times decided in this State. *Birke* v. *Abbott*, 103 Ind. 1; *Redelsheimer* v. *Miller*, 107 Ind. 485.

The fact that some third person has assumed a debt does not release the original debtor, nor affect the right of the holder of the note to proceed against the maker. *Davis* v. *Hardy*, 76 Ind. 272; *Josselyn* v. *Edwards*, 57 Ind. 212; *Kelso* v. *Fleming, supra.*

The further allegation that Ezekiel Morrison, in consideration of the promise of Leaming & Billington, agreed with the defendant, to accept the liability of Kendall & Billington in lieu of that of the defendant and release him therefrom, does not show an extinguishment of the original debt or note. For aught that appears, the firm of Kendall & Leaming, and the individual liability of Kendall still exist. Nor does it appear that either Kendall or Billington, who were to be charged with the new debt, ever agreed to the release of the defendant, or that their promise should be substituted in place of the note. Such agreement, according to the pleading, was between the defendant and Morrison only.

The answer has some of the elements of a release, but as counsel for neither the appellee nor appellant have con-

sidered it in this aspect, we may be excused if we give this view of it but little consideration. The release of the defendant, if any exists under this pleading, is one that arises from contract, and like novation, it must be supported by a valuable consideration. *Fitzgerald* v. *Smith,* 1 Ind. 310; *Pope* v. *Vajen,* 121 Ind. 317.

There is nothing in the pleading to show that the promise of Kendall & Billington is any better than the promise of Kendall & Leaming. The rights of Morrison, the holder of the note, are the same whether the defendant was released or not. In either event, he might sue on the promise or assumption of Kendall & Billington. For the release of the defendant, he received nothing whatever. An averment that the payee did release the maker is the statement of a mere conclusion of law, and not the statement of a fact. *Kelso* v. *Fleming, supra.* The court erred in overruling the demurrer to this paragraph.

The second paragraph of the answer pleads the twenty-years statute of limitation. There was no error in overruling the demurrer to it.

The third paragraph avers that in the year of 1868, and four years after the maturity of the note, the defendant removed from the State of Indiana and became a resident of the State of Michigan, and has ever since been a resident of the State of Michigan; that during all the time he has resided in said State of Michigan, the following statute has been and still is in force, to wit: " The following actions shall be commenced within six years next after the cause of action shall accrue and not afterwards, that is to say: 1. All actions of debt founded upon contract or liability not under seal, except such as are brought on the judgment or decree of some court of record of the United States, or of this State, or some other of the United States."

The defendant further alleges that under said statute of the State of Michigan the plaintiff's cause of action was

barred in said State, while the defendant resided therein, and was so barred prior to the 24th day of August, 1875, and was barred by the statutes of this State.

The appellant contends that as the cause of action declared in the complaint arose within this State, the time during which the defendant was a non-resident of the State should not be computed in the period of limitation; that the defendant can not interpose the bar of a foreign statute to defeat an action which arises within this State, and that, as the statute of limitations affects only the remedy and not the res gestæ, the statute in force at the time the remedy is sought is the one that governs.

Section 216, R. S. 1852, is in these words:

"The time during which the defendant is a non-resident of the State or absent on public business shall not be computed in any of the periods of limitation; but when a cause has been fully barred by the laws of the place where the defendant resided, such bar shall be the same defense here as though it had arisen in this State."

The Supreme Court so construed this statute that a defendant, when sued in the courts of this State, might avail himself of the bar of a foreign statute in all actions arising either within or without this State, except in actions involving real estate. Lagow v. Neilson, 10 Ind. 183; Van Dorn v. Bodley, 38 Ind. 402; Harris v. Harris, 38 Ind. 423; Wright v. Johnson, 42 Ind. 29.

By the act of March 13, 1875, the section above set out was amended by adding thereto these words: "Provided, That the provisions of this act shall be construed to apply only to causes of action arising without this State." The amended act took effect August 24, 1875, and has been the law of this State ever since. Section 297, R. S. 1881.

Appellant insists that the later case of Mechanics' Building Ass'n v. Whitacre, 92 Ind. 547, by implication overrules the cases of Van Dorn v. Bodley, Harris v. Harris, and Wright v. Johnson, supra.

We do not so understand the decision in that case. The point in judgment concerning the statute of limitations was whether or not, in a complaint on a cause of action arising within this State, it was necessary to negative the exceptions contained in this statute. The court held that it was not. This decision is not in conflict with any former decision of that court that we are aware of. What the court said, or the arguments, or the reasoning used, are not to be taken as the law of the case. Appellant also insists that the Legislature has overruled the decisions of the Supreme Court above referred to by enacting the law of 1875, which, in effect, annuls or sets aside the rule declared in these cases. It is sufficient to say that the Legislature enacts laws, and courts construe and enforce them. One is the exercise of legislative and the other of the judicial powers of government, two distinct co-ordinate functions of government, neither of which can invade the domain of the other.

The statute of limitations in force at the time the remedy is sought governs. This cause of action arose within this State. Under the statute in force when this action was brought, the time during which the defendant was a non-resident can not be computed, and as the bar of a foreign statute can not be interposed, because not arising without the State, the answer is bad unless some other rule of law intervenes to save it. The statute of Michigan, which is pleaded, is a six-years statute. The defendant became a resident of that State in 1868. The amendment to our statute, limiting the bar of a foreign statute to contracts arising without the State, became a law in 1875. More than six years elapsed after the defendant became a resident of Michigan and before the enactment of the amendment. If the time limited by statute for commencing an action expires while the statute is in force, and before suit is brought, the right to bring the suit is barred, and no subsequent statute can revive the right. Wood on Limita-

tion Actions, section 12; *McKinney* v. *Springer*, 8 Blackf. 506; *Stipp* v. *Brown*, 2 Ind. 647; *Right* v. *Martin*, 11 Ind. 123; *Roush* v. *Morrison*, 47 Ind. 414.

The statute of Michigan having effected a complete bar for the defendant, the amendment of 1875 did not revive the action in favor of the plaintiff, and the demurrer was properly overruled. There was no general denial by the defendant. The only issue formed was on the first paragraph of the answer, and all the evidence introduced was in support of that issue. As we have reached the conclusion that the first paragraph was insufficient, the evidence can not be any better than the answer. This renders it unnecessary to pass on the error assigned in overruling the motion for a new trial.

We are, however, confronted with another question. Was the ruling on the first paragraph of the answer a harmless error under the conditions of the record in the case? It has been often decided that it is fatal error to overrule a demurrer to a bad answer. The effect of such ruling is to adjudge that if the facts pleaded be proven the plaintiff must be defeated. *Over* v. *Shannon*, 75 Ind. 352; *Sims* v. *City of Frankfort*, 79 Ind. 446; *Eve* v. *Louis*, 91 Ind. 463; *McComas* v. *Hass*, 93 Ind. 276; *Epperson* v. *Hostetter, Admr.*, 95 Ind. 583; *Thompson* v. *Lowe*, 111 Ind. 272; *Messick* v. *Midland R. W. Co.*, 128 Ind. 81; *Scott* v. *Stetler*, 128 Ind. 385.

The case at bar differs in some respects from any of the cases cited. We have here two other paragraphs of answer, to which demurrers were overruled. The plaintiff refused to plead over, but elected to abide the ruling of the court. The demurrers to these paragraphs admitted the truth of all the facts that were well pleaded, for the purposes of the demurrers only; but the plaintiff has gone one step beyond—he refused to plead further, and prayed the judgment of the law on the facts contained in these answers. His position is the same as if he should say, " I

confess the facts for all purposes in the case, but deny the law." If the law be against him his right to recover is forever gone. He has confessed a fact which must ultimately destroy his right to a recovery. If this court should reverse the case, with instructions to the trial court to sustain the demurrer to the first paragraph of answer, as soon as that should be done the defendant might then move for judgment in his favor as upon a default. Section 345, R. S. 1881. The plaintiff's cause of action was barred both by the laws of this State and by the laws of Michigan, unless some exceptions existed to these statutes, and to avail himself of the exception he was bound to reply it. The statement in the complaint that the defendant, soon after the date of the note, removed his residence from the State of Indiana, and has ever since been a non-resident of the State, is a superfluous allegation, for it is settled beyond controversy that where there are exceptions in the statute of limitations, the complaint is good unless it appears that the case is not within any of the exceptions. Medsker v. Pogue, 1 Ind. App. 197, and cases there cited.

The allegation adds nothing to the efficacy of the complaint, and if it can be considered as in any way qualifying the force of the ruling on the second paragraph of the answer, still the record as to the ruling on the third paragraph remains unaffected by it, for that paragraph admits the non-residence of the defendant. The plaintiff has admitted a fact which, under the issues of this case, must eventually defeat him. Where the judgment rendered is the same as the ultimate judgment that must be pronounced in the case, no intervening error of any kind will avail in securing a reversal. The overruling of the demurrer to the first paragraph of the answer, and of the motion for a new trial, were harmless errors.

Judgment affirmed, at the costs of appellant.

Filed February 14, 1893.