## HILL ET AL. *v.* WARNER ET AL.

[No. 2,471. Filed May 25, 1898.]

NOVATION.—*Evidence.*—Novation is a new contract made with intent to extinguish a previous valid obligation and must be by mutual agreement of all the parties in interest; the old contract must be extinguished, and a new and valid contract made instead thereof.

From the Howard Circuit Court. *Reversed.*

*Jos. C. Herron* and *Frank N. Stratton*, for appellants.

*B. F. Harness* and *W. R. Voorhis*, for appellees.

ROBINSON, J.—Caroline Hill brought suit in replevin against appellees. Upon her death before trial appellants were substituted as plaintiffs. Appellee Warner had leased a farm from Caroline Hill, and to secure the payment of the rent had executed his notes secured by chattel mortgage. The suit was brought for possession of the mortgaged property by virtue of one of the provisions of the mortgage. Appellee Warner answered in denial, and also a novation. Judgment was rendered in appellee's favor for costs. A motion for a new trial on the grounds that the find-

ing is not sustained by sufficient evidence, and is contrary to law, was overruled, and this ruling is the only error assigned.

The only question presented and argued is whether the evidence shows there was a novation. This was the only defense attempted to be made by the evidence.

In the fall of 1895 Warner leased a farm from Mrs. Hill and took possession and executed three promissory notes, aggregating $200.00, for the rent; the notes secured by chattel mortgage. In March, 1896, Warner moved off the premises, and on the same day one Baxter moved on. Baxter and Warner had agreed that Baxter should become paymaster for the balance of the rent Warner had agreed to pay.

Baxter testified that he and Warner went to see Mrs. Hill, that, "Mr. Warner told her that he didn't want to stay on the place; that he wanted to give up the place and let me have it, and I really can't tell just what was said in regard to it, because she was sick, and said she was not able to talk with him." The witness further said that they made no definite arrangements at all at that time, and that when witness did go back to make arrangements Warner was not with him, and that was the only time he and Warner were there together. Mrs. Emily Hill testified that she was present when Warner and Baxter saw Mrs. Hill, and that Warner requested her to release him and take Baxter, but that she refused. Mr. Woodruff testified to the same thing. There is no evidence in the record that the three parties together ever had any other conversation about the matter.

Baxter further testified: That he saw Mrs. Hill the day before he moved, and she consented to his moving and to Warner moving, and witness asked her if he should give her a note and personal security, or

a note and mortgage; that she said, "she would let me know when I came in again which she would do. I told her that 'If I move 1 will do it to-morrow, for the place that I was on was sold, and I must leave it.' She said that when I came in she would tell me. When I went back she said she would do neither one —that is, after we moved." She said "that Warner's papers were to be canceled provided she took mine;" that she claimed Warner had no right to move away, and that she thought she could make him pay the rent, and that she gave this reason for refusing to accept witness's note or note and mortgage. It further appears from the evidence that after Baxter had moved in he offered to pay Mrs. Hill five dollars, the balance due on Warner's first note, but she refused to receive it, and afterwards Warner paid her this balance and took up the note. It can be said that there was an agreement that Baxter would assume the Warner debt, but this was a separate, independent transaction between Warner and Baxter. But it cannot be said that the evidence shows that Mrs. Hill agreed with Baxter to accept him as payor and release Warner; but even if the evidence established that fact it was an agreement independent of the agreement between Warner and Baxter, and would not amount to the extinguishment of the Warner debt.

Novation is a new contract made with intent to extinguish one already in existence. The doctrine is of civil law origin. It may be made by the substitution of a new contract between the same parties in place of the old one; or by substituting a new debtor in place of the old one with intent to release the old debtor; or by substituting a new creditor to whom is transferred all the rights of the old creditor. In each of these cases the extinguishment of the old debt constitutes the consideration for the new obligation.

It has often been held that in every novation there are four essential requisites; a previous valid obligation, the agreement of all the parties to the new contract, the extinguishment of the old contract, and the validity of the new one.    Unless the old debt is extinguished the new agreement is without consideration.    The creation of the new obligation and the extinguishment of the old take place at the same time. *Clark* v. *Billings*, 59 Ind. 508; *Morrison* v. *Kendall*, 6 Ind. App. 212; *Kelso* v. *Fleming*, 104 Ind. 180; *Horn* v. *McKinney*, 5 Ind. App. 348; *Parsons* v. *Tillman*, 95 Ind. 452; *McClellan* v. *Robe*, 93 Ind. 298; *Davis* v. *Hardy*, 76 Ind. 272; *Bristol, etc., Co.* v. *Probasko*, 64 Ind. 406.

In the case at bar there is a failure of proof that there was a meeting of the three minds upon the proposition that the old debt should become the obligation of a new debtor.    There is no evidence to show, either that there was a mutual agreement among all the parties to substitute a new debtor for the old debtor, or that there was an extinguishment of the old debt. The motion for a new trial should have been sustained.    Judgment reversed.