## Edmunds Electrical Construction Company v. Mariotte.

[No. 20,261. Filed January 8, 1904. Rehearing denied March 15, 1904.]

Appeal and Error.—*Exception to Pleading.*—The reservation of an exception to the action of the court in permitting defendant, during the trial, to file an additional paragraph of answer is not properly shown by recital in the original bill of exceptions containing the evidence incorporated in the transcript. *p. 330.*

Tender.—*Refusal.*—*Objections.*—Where a tender was refused because it was insufficient in amount, without objection to the kind of money the tender was sought to be made, and the money offered was shown to be money of the United States, the tender will be held sufficient though it is not shown that money offered was legal tender. *pp. 330, 331.*

From Superior Court of Allen County; *J. H. Aiken,* Judge.

Action by the Edmunds Electrical Construction Company against Horace Mariotte. From a judgment for defendant, plaintiff appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*T. E. Ellison* and *H. G. Keegan,* for appellant.
*Bittinger & Houk,* for appellee.

GILLETT, C. J.—Appellant commenced this suit against appellee to recover on an implied contract for furnishing and installing certain electrical work, and to establish and foreclose a mechanic's lien on such account. During the reception of the evidence the trial court permitted appellee to file an additional paragraph of answer. It does not appear that a reply was filed to any of the special answers. The record shows a finding in favor of appellant in the sum of $25, that a tender of said sum had been made, and that at the time of the finding the money tendered was in the hands of the clerk. There was a judgment in favor of appellee for costs.

Appellant urges that the court below erred in permitting appellee to file said additional paragraph of answer, and that it does not appear from the evidence that the money offered appellant was legal tender. The record proper does not show that at the time of filing said answer appellant reserved an exception to the court's ruling in permitting said answer to be filed. An attempt has been made to show the reservation of such exception by a recital in the original bill of exceptions containing the evidence, which bill has been incorporated in the transcript. This is insufficient. *Maynard* v. *Waidlich,* 156 Ind. 562; *Cooney* v. *American, etc., Ins. Co.,* 161 Ind. 193; Ewbank's Manual, §25.

As to the tender, it is objected that it does not appear that the money offered appellant's manager was legal tender. It appears that appellee, in the presence of said manager, counted out and offered to him the amount that appellee claimed to be due. The money offered was shown to be money of the United States. The dispute between the parties was over the amount of the bill for the work and materials. Said manager refused the money offered, and did not object to the kind of money in which the tender was sought to be made. There is no merit in the contention of appellant as to the point under consideration.

It is stated by Professor Parsons that if the amount due "be offered in bank bills which are current and good, and there is no objection to them at the time on the ground that they are not money, it will be considered so far an objection of form, that it can not afterwards be advanced." 2 Parsons, Contracts, *645. See *Boyd* v. *Olvey,* 82 Ind. 294, 300.

Judgment affirmed.