## KITCHELL v. SCHNEIDER ET AL.

[No. 22,522.   Filed December 16, 1913.]

1. TENDER.—*Offer of Bank Check.—Sufficiency.*—While an offer of a bank check for an amount due would not constitute a good tender, where an offered check is refused, not because of the medium of the offered payment but because of the amount thereof, the right of objection to the check is waived.   p. 593.

2. TENDER.—*Offer of Bank Check.—Sufficiency.*—Where a debtor was tendered a bank check which he refused because of the inadequacy of the amount, and thereafter the amount was deposited by the debtor in bank to the credit of the creditor, and, after the creditor brought suit, the amount was paid to the clerk of the court for the creditor's benefit, the tender was kept good, and, if for a proper amount, amounted to a good tender.   p. 593.

3. NOVATION.—*Requisites.*—To constitute a novation by the substitution of a new debtor, it is necessary that the obligation of the original debtor to his creditor be extinguished by a new contract, and that he be discharged, that another person be substituted in the capacity of debtor, and that the creditor consent to the discharge of the original debtor and accept the promise of the substituted debtor.   p. 594.

4. APPEAL.—*Review.—Disposition of Case.—New Trial.*—Where the trial court correctly found the amount due and unpaid, in an action to recover on a building contract, but, owing to the insufficiency of the facts to show a novation, erroneously deducted a specified sum therefrom on the theory that the amount so deducted was properly paid to a creditor of plaintiff, the ends of justice are best subserved by ordering a new trial as authorized by §702 Burns 1908, §660 R. S. 1881, rather than by ordering a restatement of the conclusions of law.   p. 594.

From Lake Circuit Court; *L. V. Cravens*, Special Judge.

Action by Frederick E. Kitchell against William L. Schneider and others. From a judgment for defendants, the plaintiff appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Reversed.*

*John H. Gillett,* for appellant.
*J. K. Stinson* and *J. M. Stinson,* for appellees.

MORRIS, C. J.—Suit by appellant against appellees William L. Schneider and wife, on a building contract, and against them and appellee Home Building Loan and Savings Association, to foreclose a mechanic's lien. There was a special finding of facts, with conclusions of law, on which errors are here assigned.

The special findings state that in September, 1909, appellant, and appellee William L. Schneider, executed a written contract by the terms of which the appellant was to construct a dwelling house, on real estate owned by the Schneiders as tenants by entireties, for $2,500; that the dwelling was completed, in substantial compliance with the terms of the contract, in December, 1909, and was thereupon accepted by the Schneiders as finished; that in reference to the contract, appellee William L. Schneider acted for himself, and as agent for his wife; that shortly after the execution of the contract the Schneiders executed a mortgage on said real estate, to appellee building association, for $2,500, for the purpose of paying for the dwelling, and it was agreed that the treasurer of the association should pay the mortgage proceeds to appellant during the progress of the work, according to the terms of the building contract; that the Schneiders were inexperienced in building, and John E. Wolf, treasurer of the association, acted as their agent in paying for the construction of the house, and, previous to January 18, 1910, had paid appellant, on the contract price, from the mortgage proceeds, a sum in excess of $1,800; that Wolf was also acting as agent of the

Beckman Supply Company, holder of an old account against appellant for $43.75, and was endeavoring to collect the same; that in October, 1909, Wolf "procured the consent of said William L. Schneider that on final settlement with plaintiff, he, said Wolf, might deduct from the amount which would be coming to plaintiff the sum of $43.75, which was due from plaintiff to said supply company, on other transactions, and, on October 29, 1909, *the plaintiff promised said supply company to pay said sum out of the proceeds of the money which would be due him from the contract for said house on final settlement.*"   (Italics ours.)

Findings Nos. 12 and 13, are as follows: "12.   That subsequent to the date mentioned, to wit:  January 18, 1910, after said house had been built and accepted, said Wolf, having the consent of the defendants to pay over to plaintiff the balance due on said contract, after deducting said supply company bill, met with plaintiff, and they then and there had an accounting on account of said Schneider contract for the erection of said house in which it was found and agreed between them, as was. the fact, that the balance unpaid plaintiff on said contract, after deducting amounts chargeable to him was $692.37; that plaintiff then asked for a check for said amount, but said Wolf said that he would only pay him the sum of $648.62, and that the balance of $43.75 would be paid by him to the said supply company; that plaintiff refused to allow this, and left, stating to said Wolf that he would file a lien.   That the said sum of $692.37 represented the balance, then unadvanced by said association, on account of said mortgage; that said Wolf, as such agent of defendant, at said time, offered to pay plaintiff the said balance of $648.62." "13.   That as soon as plaintiff left said Wolf, the latter made out a check on the Citizens German National Bank of Hammond, Indiana, for the sum of $648.62 payable to plaintiff or his order, signed by said Wolf as treasurer of said association, and marked 'in full' on the face thereof,

and mailed it to plaintiff, and said Wolf, as such treasurer, then delivered a check to said supply company for $43.75 in payment of plaintiff's indebtedness to the latter. That plaintiff on receipt of said former check at once mailed the same back to said Wolf. That said Wolf, as treasurer, then paid into said bank the sum of $648.62 to the credit of plaintiff, and at once sent plaintiff a letter through the mail saying 'I have paid into the Citizens German National Bank to your credit the sum of $692.37, less the sum of $43.75 deducted on account of Beckman Supply Company bill, or $648.52. I hereby tender the same to you in full payment of the Schneider job on Calumet avenue. Govern yourself accordingly.' This letter was signed by said Wolf as treasurer of said association and as agent of said William Schneider. That the said letter had reference to the house which plaintiff had built as aforesaid. That plaintiff at once notified said bank that he refused to accept said credit, and to withdraw it from his credit, which was done at that time.''

It is further found that plaintiff made no objection to the form or manner of the offers, but objected only to the amount, and Wolf, as agent for the Schneiders, believed it was useless to make further attempt to induce appellant to accept the sum of $648.62; that thereafter, until the bringing of this action, the association kept said sum in bank, to the credit of its account, with a check drawn therefor, to appellant, but not delivered; that this was done ''for the purpose of keeping good its offer in said letter;'' that after the commencement of the action, said sum was paid to the clerk, for plaintiff's benefit; that on January 21, 1910, appellant filed a notice of his intention to hold a lien on the Schneider property, for the balance due him under the terms of the contract, and this action was commenced February 21, 1910; that there is due appellant the sum of $648.62, which is the amount due him on the contract, after deducting the Beckman Supply Company ac-

count of $43.75; that the value of the services of appellant's attorneys in this action is $100. The court stated its conclusions of law to the effect that plaintiff was entitled to a judgment against the Schneiders in the sum of $648.62. but not entitled to a foreclosure of the lien, nor a recovery of attorney's fees, or costs; that the clerk should be instructed to pay the plaintiff said sum in his hands, in satisfaction of the judgment, and that defendants should recover of plaintiff, their costs. Judgment followed the conclusions. Appellant filed a motion to modify the judgment by striking out so much thereof as adjudged costs in favor of defendants. The motion was overruled. Appellant's motion for a new trial was also overruled, but no error is here assigned on such action.

It appears that the trial court proceeded on the theory that there was a novation of the Beckman Supply Company account, and that the amount due appellant was lawfully tendered before suit was brought. Appellant contends that there was no lawful tender, if it be conceded that there was a novation; and further that the facts found wholly fail to support the conclusion of novation. There was a controversy only as to the amount due appellant.

1. He made no objection to a payment by check. On the other hand he demanded a check for the amount which he stated was due him. While an

2. offer of a bank check for an amount due would not constitute a good tender, yet, if an offered check be refused, not because of the medium of the offered payment but because of the amount thereof, the right of objection to the check is waived. 38 Cyc. 146; *Beatty* v. *Miller* (1911), 47 Ind. App. 494, 499, 94 N. E. 897; *Edmunds, etc., Construction Co.* v. *Mariotte* (1904), 162 Ind. 329, 69 N. E. 396; note to *Gunby* v. *Ingram* (1910), 57 Wash. 97, 36 L. R. A. (N. S.) 232. The facts stated show the tender was kept good, and, if it was for the proper amount, the court's conclusions were warranted.

The facts found, however, do not show tnat the check was for the amount due, because they fail to show a novation. It was essential to a novation here, that the
3. obligation of appellant to Beckman Supply Company should have been extinguished by a new contract, and appellant discharged, and that the Schneiders should have been substituted for appellant, in the capacity of debtor, and the Beckman Supply Company should have consented to the discharge of appellant, and accepted the promise of the substituted debtor. *Clark* v. *Billings* (1877), 59 Ind. 508; *Hill* v. *Warner* (1898), 20 Ind. App. 309, 50 N. E. 582; *McClellan* v. *Robe* (1883), 93 Ind. 298; *Morrison* v. *Kendall* (1892), 6 Ind. App. 212, 33 N. E. 370; 29 Cyc. 1130, 1132, 1136. No fact is found showing that appellant's obligatior. to the supply company was discharged. On the contrary, appellant promised that he himself would pay the old obligation with the money he was expecting to receive on final settlement with the Schneiders. It is not found that the supply company ever agreed to the substitution of the Schneiders as debtors for appellant, or accepted any promise from the Schneiders. It is even doubtful whether Mrs. Schneider is found to have authorized her husband, or any one else, to make any promise for her, relative to the debt of the supply company.

Because of the insufficiency of the facts found, it must be held that the court erred in all its conclusions based on the theory of the sufficiency of the tender, and con-
4. sequently the judgment must be reversed. It is in-sisted by appellant that this court should order a restatement of the conclusions of law, and direct a judgment for appellant for $692.37, with interest since January 18, 1910, for $100 attorney's fees, and costs, and the foreclosure of the lien. While the court might make such order, we are of the opinion that the ends of justice would be better subserved by ordering a new trial—a thing expressly authorized by statute. §702 Burns 1908, §660 R. S. 1881. *Donald-*

*son* v. *State, ex rel.* (1906), 167 Ind. 553, 558, 78 N. E. 182, and cases cited.

It is proper to state that there is some apparent conflict between the findings relative to the amount due appellant on the building contract, but we are of the opinion that a fair construction of them (not all of which are set out here) shows that the court found that the amount actually due and unpaid on the contract on January 18, 1910, was $692.37; indeed, counsel for all parties, in their briefs, practically concede this, and fairly agree that all the trouble here arises over the Beckman Supply Company account of $43.75—a thing in which the Schneiders had no interest. . It appears that their misfortune arises from the employment of an agent who was, at the same time, representing another principal.

On January 18, 1910, after the amount due appellant on the building contract was ascertained and agreed on, there was, on the facts found here, a conflict between the interests of the Schneiders and the supply company. Wolf, their common agent, was also, as agent of the building association, in actual possession of the funds provided for paying the contractor. This case presents only another instance of an unsuccessful attempt to answer the old inquiry of the possibility of rendering equally faithful service to two masters whose interests conflict.

Judgment reversed, and new trial ordered.

NOTE.—Reported in 103 N. E. 647. See, also, under (1) 38 Cyc. 146; (2) 38 Cyc. 160, 161; (3) 29 Cyc. 1133; (4) 3 Cyc. 456. As to sufficiency and effect of tender, see 77 Am. Dec. 470, 30 Am. St. 460.